WILSON *v.* THE STATE.                    28   393
                                          140   90

VERDICT.—JUDGMENT.—Where, on a conviction for grand larceny, the jury fail to fix the period of disfranchisement and incapacity to hold office, the verdict is defective, and a judgment disfranchising the defendant is erroneous.

APPEAL from the *Jefferson* Circuit Court.

FRAZER, C. J.—Indictment for grand larceny. Verdict guilty, assigning the punishment at two years in the state prison, a fine of one dollar, and that the defendant be disfranchised for the term of five years. Judgment, two years in the state prison at hard labor, fine one dollar, and that the defendant be disfranchised and rendered incapable of holding any office of trust or profit for five years. There is no argument for the State.

The judgment as to hard labor is not objectionable, though it was unnecessary. It is by law the fate of all

who are imprisoned in the penitentiaries, and a judgment to that effect certainly can do no harm. 1 G. & H., § 15, p. 468. But there was no verdict authorizing a judgment rendering the prisoner incapable of holding office. The jury must assess the punishment, and the judgment must be according to the verdict. 2 G. & H., §§ 116, 117, p. 419. The verdict itself was defective in not assessing a penalty of the sort, and the jury should have been, on that account, sent back for further deliberation, that they might have corrected it. Id.; § 19, p. 442.

There was a serious defect in the evidence. The property was laid to be in *Lewis Vance* and *Henry H. Armstrong*. The whole proof of that averment was that it was part of the rigging of the steamer *Jacob Strader*, owned by *R. & E. Neal*, and that *Vance* and *Armstrong* had said to the owners that they would see that the boat "was taken care of while there, and did so."

The judgment is reversed, and the cause remanded for a new trial.

*E. R. Wilson*, for appellant.

*D. E. Williamson*, Attorney General, for the State.