Shafer *v.* The State.

———————

No. 9290.

### SHAFER *v.* THE STATE.

CRIMINAL LAW.—*Verdict.*—*Judgment.*—Where, on a conviction for grand larceny, the verdict of the jury contains no express disqualification of the defendant for holding office, and the judgment follows the verdict, the defendant not having been shown to have suffered any injury thereby, such verdict is not void, and no error was committed in rendering judgment thereon. *Wilson* v. *The State,* 28 Ind. 393, distinguished.

SAME.—*Indictment.*—*Practice.*—*Evidence.*—An objection to an indictment, that the property charged to have been stolen is inaccurately described, is no cause for quashing the indictment, where the objection is not applicable to all the property named therein. The proper way to present such objection is to object to the admission of any evidence concerning the property improperly described.

From the Kosciusko Circuit Court.

*L. W. Royse*, for appellant.

*D. P. Baldwin*, Attorney General, and *J. D. Widaman,* Prosecuting Attorney, for the State.

WOODS, J. — Indictment for grand larceny; plea, not guilty. Trial by jury, which returned the following verdict, excepting the title of the cause and signature of the foreman, which are omitted, namely: "We, the jury, find the defendant, Jacob Shafer, guilty as he stands charged in the indictment, and assess his punishment, that he be imprisoned in the State's prison for the term of two years, that he be fined in the sum of three dollars and disfranchised for the term of two years."

The defendant objected to the discharge of the jury, but stated no grounds for the objection. The court overruled the objection and discharged the jury; to which ruling and action of the court the defendant excepted, and filed a written motion to be discharged from custody, upon the ground "That the court committed error of law in receiving the verdict upon which no judgment can be rendered, and discharging the jury on receipt of said verdict, over the objection and exception of the defendant." This motion the court overruled; and the defendant excepted, and then filed a motion for a *venire de novo*, alleging reasons therefor: (1) That there is no verdict on which judgment can be rendered, and (2) that the verdict is imperfect, in not assessing the punishment required by law. This motion the court overruled, and rendered judgment in accordance with the terms of the verdict. Exceptions to all these rulings are saved by a proper bill of exceptions.

The objection which counsel for the appellant makes to this verdict is, that it contains no express disqualification of the defendant for holding any office of trust or profit, it being insisted that the verdict must conform strictly to the statute, which says that the accused, upon conviction,.

''shall be fined not exceeding double the value of the goods stolen, be imprisoned in the state-prison, not less than two nor more than fourteen years, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period ;'' and, in support of his objection, counsel cites *Wilson* v. *The State*, 28 Ind. 393. The verdict in that case was, it seems, the same as in this, and the court held it defective, and that it did not authorize that part of the judgment which declared the prisoner incapable of holding office. In the case before us, the judgment did not go beyond the letter of the verdict, and is therefore clearly distinguishable from the case cited.

The only plausible argument which, it occurs to us, can be made in support of such an objection to a verdict as is now presented, must rest on the supposition or theory that the jury, in adjusting the different elements or kinds of punishment which they are required to inflict, will fix the amount of each kind with reference to the measure of the other kinds which they impose ; and so, if one kind is omitted, it may be presumed that a greater measure of another character was inflicted. Counsel has not made this argument in behalf of the appellant, but bases his appeal on the letter of the law, and makes no pretence that his client has suffered any supposable injury. It is evident he has not suffered injury. He was found guilty as charged, of grand larceny ; it is not shown or claimed that he was a minor ; the imprisonment, therefore, was for the shortest possible period ; the fine imposed is too small to cut any figure, and the disfranchisement did not extend beyond the term of imprisonment. The appellant has therefore suffered no conceivable harm. The court committed no error in discharging the jury, in refusing to discharge the defendant, in overruling the motion for a *venire de novo*, and in rendering judgment upon the verdict.

At the proper time the appellant made a motion to quash

the indictment, which was overruled, and an exception saved. The point made upon the indictment is an alleged "inaccurate description of the property charged to have been stolen," which was described as " national bank currency notes." "We maintain," says counsel, "that there is no such currency in circulation."

The description of the stolen money, contained in the indictment, was as follows : "One twenty-dollar national currency bank note, of the value of twenty dollars ; one twenty-dollar national bank currency note, of the value of twenty dollars ; one ten-dollar national ·bank currency note, of the value of ten dollars ; three five-dollar national bank currency notes, of the value of five dollars each ; one one-dollar silver piece of the coinage of the United States, of the value of one dollar ; one twenty-five cent silver piece of the coinage of the United States, of the value of twenty-five cents." The objection, if good, does not reach the silver coins, which are charged to have been stolen, and therefore constituted no cause for quashing the indictment. The proper way to have saved the question was to have objected to the admission of any evidence concerning the bank bills or notes.

We find no error in the record, and the judgment is affirmed, with costs.