Burton v. The State.

No. 9736.

BURTON v. THE STATE.

CRIMINAL LAW.—*Indictment.*—*Name.*—*Presumption.*—*Affidavit and Information.*—The law presumes every man to have a christian name, unless the contrary appears, and, in an indictment or information against him, that name, as well as his surname, must be stated in full, unless some reason is shown for not so stating it; and a failure to state it, or a reason for not stating it, may be taken advantage of on motion to quash; but the court, on motion to quash or in arrest of judgment in a prosecution of a defendant under the name of "Ben," will presume that it was his true and full christian name.

SAME.—*Discretion of Court to Appoint Attorney for Poor Person.*—*County Commissioners.*—A person prosecuted for crime and unable to employ counsel for his defence is not entitled to have such counsel assigned him as he may choose, and the court in its discretion may decline to assign him the counsel he may desire, and assign him other counsel, and its action therein can not be error, unless there is, in the particular circumstances, an abuse of discretion; and where county commissioners have employed attorneys to defend poor persons charged with crime, though it may be they have no such authority, yet that is no reason why the court may not appoint an attorney thus employed.

From the Montgomery Circuit Court.

*T. E. Ballard* and *M. E. Clodfelter*, for appellant.

*D. P. Baldwin*, Attorney General, *J. H. Burford*, Prosecuting Attorney, for the State.

WORDEN, J.—The appellant was prosecuted in the court below, by affidavit and information, for the larceny of a watch, and, upon trial, was convicted and sent to the State's prison.

The evidence is not in the record ; but two points are made for the reversal of the judgment, which may be considered without the evidence. Motions to quash and in arrest were made and overruled. The objection urged to the affidavit and information is, that in them the appellant is called Ben Burton. The assignment of errors is in the name of Benjamin Burton as appellant, but that does not change the aspect of the question as it was presented to the court below. The law presumes every man to have a christian name, unless the contrary appears, and, in an indictment or information against him, that name, as well as his surname, must be stated in full, unless some reason is shown for not so stating it ; and a failure to state it, or a reason for not stating it, may be taken advantage of on a motion to quash. *Gardner v. The State*, 4 Ind. 632 ; Moore's Criminal Law, p. 217, sec. 160. But it seems to us that Ben may have been the true and full christian name of the appellant. Ben is not necessarily a contraction of Benjamin, Benoni, Benedict, or any other name, and, on the motion to quash, the court, we think, was right in assuming that Ben may have been the full christian name of the appellant. The motions to quash and in arrest were properly overruled.

The appellant did, before pleading, in an incidental proceeding to have counsel assigned him, declare his christian name to be Benjamin, but no question is saved in the record as to the name in which the subsequent proceedings were carried on. See 2 R. S. 1876, pp. 398–9, secs. 99, 100.

The appellant, at the proper time, applied to the court to assign him counsel to aid in the defence of the prosecution, on account of his inability to employ counsel. He showed to the court that he was unable to employ counsel, and that he had consulted with Messrs. Ballard & Clodfelter, attorneys of that court, and had communicated to them the facts and circumstances of the case, and that he had no means to employ counsel, and they had consented to act as his counsel, if the court should appoint them. He asked that they be appointed. It appeared, however, that the board of commissioners of the county had employed another firm of attorneys, practicing at the bar of that court—Messrs. Hurley & Crane—to attend to all county business, including the defence of the poor prosecuted in that court, when appointed by the court, at a fixed compensation per year.

The appellant objected to the appointment of Messrs. Hurley & Crane, saying he did not think they would do him justice, and desired the appointment of Messrs. Ballard & Clodfelter. But the court, in the language of the bill of exceptions, "having knowledge of said contract, in the exercise of its sound discretion, the said Hurley & Crane being attorneys in good standing and of experience at this bar, and the defendant giving no sufficient reason why they should not be appointed, appoints said Hurley & Crane to defend said Burton," etc. Accordingly Messrs. Hurley & Crane appeared for the defendant, and acted as his counsel until the return of the verdict, when Messrs. Ballard & Clodfelter appeared and filed the motions for a new trial and in arrest.

It is claimed that the court erred in not appointing Messrs. Ballard & Clodfelter to conduct the defendant's defence; but it seems to us to have been a matter resting in the discretion of the court, and we can not say that there was any abuse of that discretion. There is no rule of law that we are aware of, which entitles a person prosecuted for crime,

and unable to employ counsel for his defence, to have such counsel assigned him as he may choose, however desirable it may be that his wishes in that respect should be consulted and gratified.

The court may in its discretion decline to assign him the counsel he may desire, and assign him other counsel; and its action in this respect can not be error, unless there is, in the particular circumstances, an abuse of discretion.

It may be that the board of county commissioners have no legal power or authority to employ counsel to defend persons charged with crime and having no means to employ counsel; but, if that is the case, it is no reason why the court may not appoint a person thus employed.

We find no error in the record.

The judgment below is affirmed, with costs.