Clark *et al. v.* The State.

---

No. 9813.

## CLARK ET, AL. *v.* THE STATE.

CRIMINAL LAW.—*Verdict.—Judgment.*—In criminal cases, the jury must assess the punishment of the defendant, if found guilty, and the judgment of the court must follow the verdict. If the punishment assessed by the jury is not in conformity with the provisions of the statute, the court should see that the jury correct their verdict; but the court is not authorized to render judgment for any other or different punishment than that assessed by the jury.

From the Montgomery Circuit Court.

Clark *et al. v.* The State.

*T. E. Ballard* and —— *Clodfelter*, for appellants.

*D. P. Baldwin*, Attorney General, *W. W. Thornton* and *J. H. Burford*, Prosecuting Attorney, for the State.

Howk, J.—In this case the appellants were jointly indicted for grand larceny and for having received and concealed stolen goods, well knowing that the same had been stolen. On a plea of not guilty, the issues joined were tried by a jury, and a verdict was returned as follows: "We, the jury, find the defendants, John Clark, Robert Brady and Martin Kain, guilty of petit larceny, as charged in the indictment, and we assess their punishment at a fine of five dollars each and imprisonment in the State's prison for the term of two years, and disfranchised for two years."

Over the appellants' motions for a new trial, and in arrest of judgment, and their exceptions saved, the court rendered judgment against them upon the verdict, and, in addition, "that they each be * * rendered incapable of holding any office of trust or profit for the period of two years."

From this judgment they have appealed to this court, and among the errors they have here assigned is the following:

6. Because the judgment below does not conform to the verdict, but imposes a greater penalty than was imposed by the verdict.

We are of the opinion that this error is well assigned, and for this error the judgment below must be reversed. The offence of which the appellants were found guilty was committed in August, 1881, at which time the offence was defined and its punishment prescribed by section 20 of the felony act of June 10th, 1852, as amended by an act approved March 3d, 1877. In this amended section it was provided that the punishment, upon conviction of petit larceny, should be a fine not exceeding five hundred dollars, and that the person so convicted should "be imprisoned in the State's prison not less than one nor more than three years, and dis-

Clark *et al. v.* The State.

franchised and rendered incapable of holding any office of trust or profit for any determinate period;" or that he might be imprisoned in the county jail for any period of time not exceeding one year, etc. Acts 1877, Reg. Sess., p. 63.

Substantially the same punishment is prescribed for petit larceny in section 33 of the act of April 14th, 1881, concerning public offences and their punishment, which act became a law on the 19th day of September, 1881. Acts 1881, p. 180.

On the day last named, "An act concerning proceedings in criminal cases," approved April 19th, 1881, which may properly be termed the criminal code of 1881, also became a law of this State, and was the law at the time all the proceedings in the case at bar were had in the circuit court. In section 262 of the criminal code of 1881, it is provided that, "When the defendant is found guilty, the jury must state in the verdict the amount of fine and the punishment to be inflicted;" and, in section 263 of the same code, it is provided, that, "When the defendant is found guilty, the court shall render judgment accordingly." Acts of 1881, p. 164.

These sections, as we quote them, are re-enactments, without even a verbal change, of sections 116 and 117 of the criminal code of 1852. 2 R. S. 1876, p. 404. It will be seen, therefore, that the law remains and is, in criminal cases, as far as we have quoted it in jury trials, that the jury must assess the punishment, and the judgment must be according to the verdict. There was no verdict in the case now before us authorizing the court to render judgment, that the appellants "each be rendered incapable of holding any office of trust or profit for the period of two years." This precise question was before this court in the case of *Wilson* v. *The State*, 28 Ind. 393, wherein a verdict similar to the one now under consideration had been found, and judgment had been rendered as in this case. In the opinion of the court in the case cited, Frazer, C. J., said : "But there was no verdict authorizing a judgment rendering the

prisoner incapable of holding office. * * * * * The verdict itself was defective in not assessing a penalty of the sort, and the jury should have been, on that account, sent back for further deliberation, that they might have corrected it.''

The case at bar differs, as did the case last cited, from that of *Shafer* v. *The State*, 74 Ind. 90, in this important particular, that, in that case, ''the judgment did not go beyond the letter of the verdict.'' In the case now before us, however, as in the case of *Wilson* v. *The State*, *supra*, the court usurped the power of the jury, and, that far forth, inflicted a greater penalty than the jury had, perhaps, thought proper to impose. This was an error of the trial court, for which, as it seems to us, the judgment below must be reversed. *Bell* v. *The State*, 42 Ind. 335.

Some questions have been discussed by the appellants' counsel in regard to the court's refusal to assign them as counsel for the appellants, at their request, and to the court's action in assigning them other counsel than those of their choice. We deem it unnecessary for us to consider and decide these questions in this case, but we may properly say, that, upon these points, we fully adhere to and approve of what was said by WORDEN, J., in delivering the opinion of the court in the case of *Burton* v. *The State*, 75 Ind. 477.

The judgment is reversed, and the cause remanded for a new trial. The clerk will issue notice for the return of the appellants to the sheriff of Montgomery county.

Petition for a rehearing overruled.