Filed June 7, 1894.

———————◆———————

No. 1,291.

COHEN v. THE STATE.

REFORM SCHOOL.—*Commitment.—Record.—Age of Defendant.—Verdict, When Contrary to Law.—Case Distinguished.*—In case of commitment to the reform school, whether it be by the judge or by the court, upon the recommendation of the grand jury, or by the jury upon a criminal charge, there must be a finding entered of record showing the name and age of the person committed; and where the verdict does not disclose the age of the defendant it does not comply with the statute, and is contrary to law. *Rose* v. *State,* 82 Ind. 345, distinguished.

From the Jefferson Circuit Court.

*M. R. Sulzer, S. J. Bear* and *S. E. Leland,* for appellant.

*A. G. Smith,* Attorney-General, for State.

LOTZ, C. J.—The appellant was charged with the crime of assault and battery. The jury returned against him the following verdict: "We, the jury, find the defendant, Louis Cohen, guilty as charged in the indictment; fine him twenty-five dollars and the costs, and sentence him to the reform school until he is twenty-one years of age."

The court overruled appellant's motion for a new trial and rendered the following judgment on the verdict: "It is therefore ordered and adjudged by the court that the defendant be, and is, hereby committed to the guardianship of the Indiana Reform School for Boys until he

has attained the age of twenty-one years, and that he pay the costs of this prosecution  *  *  *  together with a fine to the State of Indiana, in the sum of twenty-five dollars, and that he stand committed until said sentence be performed and said fine and costs be paid or re-plevied.''

The overruling of the motion for a new trial is assigned as error.

Among the causes for a new trial are the following: That the verdict is contrary to the law and contrary to the evidence.

When a defendant is found guilty, the jury must state in their verdict the amount of the fine and punishment to be inflicted, section 1906, R. S. 1894, and the judgment must follow the verdict ( *Wilson* v. *State*, 28 Ind. 393) unless the punishment be beyond that authorized by law. In such an event, the court may disregard the invalid portion and pronounce judgment on the valid portion. *Veatch* v. *State*, 60 Ind. 291.

The penalty prescribed by statute for an assault and battery is a fine, to which may be added imprisonment in the county jail. The first or both of these penalties may be affixed by the court or jury trying the cause.

In the case of juvenile offenders, between the ages of eight and sixteen years, instead of imprisonment in the county jail the offender may be committed to the reform school.

. The verdict in this case does not exceed the penalty prescribed by the various statutes. The jury, under our method of administering the criminal law, determines the punishment to be inflicted. When the penalty affixed by it is within the law, the court can not disregard a part of it and pronounce judgment on a portion. The verdict and the judgment pronounced upon it in this case, are both silent concerning the age of the appellant

and of his being a suitable person to be committed to the reform school.

The appellant insists that for this reason the verdict is contrary to the law. A verdict which is contrary to the law is one that is contrary to the principles of the law that should govern in such cases. The presumption that the appellant was of the proper age and a suitable person to be committed to such institution will prevail, if we follow the rule laid down in *Rose* v. *State*, 82 Ind. 345.

The verdict in the case cited assessed, as a part of the punishment, imprisonment in the county jail. It was held that the minority of the defendant would be presumed. But it is contended that the case at bar does not come within the rule there announced, because the statute expressly requires a finding of these facts by the court or jury, and that they shall be made a matter of record. Section 8318, R. S. 1894.

It is true that the presumption here is that the appellant was within the age fixed by the statute, that is, between eight and sixteen years, still this is not sufficient. The record of committal must show the actual age, so that the authorities may know when to discharge the person committed. The reform school is penal, as well as educational, in its character, and without a finding of the actual age a person might be unlawfully imprisoned after reaching his majority. This case is distinguishable from that of *Rose* v. *State, supra.*

In all cases of a commitment of a boy to the reform school, whether it be by the judge or by the court upon the recommendation of the grand jury, or by the jury upon a criminal charge, the statute expressly requires that there shall be a finding entered of record showing the name and age of the person committed. Section 8318, *supra.*

It does not appear, either from the verdict or judg-

The Cleveland, Cincinnati, Chicago and St. Louis Ry. Co. v. Davis.

ment, that the statute has been followed in this respect. As the court must follow the verdict in a criminal case, and has no right to enlarge upon it, it would seem to follow that a verdict which does not comply with the statute is contrary to the law.

In such a case as this, the verdict, in addition to finding that the defendant is guilty, should find his actual age. It may be presumed that he is a suitable person to be committed; but the law can not be properly administered without knowing the actual age of the person to be committed.

Judgment reversed, with instructions to sustain the motion for a new trial, and that the defendant be ordered returned to the custody of the sheriff of Jefferson county.

Ross, J., and Davis, J., absent.

Filed June 9, 1894.