SCHUBLE *v.* YOUNGBLOOD

[No. 28,320. Filed June 12, 1947.]

William J. Schuble, *pro se.*

YOUNG, J.—It appears that petitioner herein was tried and convicted of a criminal offense in the Vanderburgh Circuit Court. He was a poor person and an attorney had been appointed to defend him. After his conviction he filed a written motion asking the respondent Judge to substitute an attorney, whom he named, to represent him in an appeal instead of the attorney originally appointed. Respondent declined to do so and petitioner instituted this original action in this

court, asking that this court mandate the respondent to grant his motion for a new attorney to represent him upon appeal.

The petition in this court is verified and alleges that it is his "honest belief that" the attorney (naming him) "appointed by the Vanderburgh Circuit Court is incompetent, negligent and indifferent and that a proper appeal will not be made unless petitioner's motion for substitution of attorney is granted." No facts upon which this conclusion is based are set out.

The written motion filed by petitioner in trial court, asking for a new attorney was not verified. A copy of it is attached to the petition filed here as an exhibit. In that he asked that a named attorney of his selection be appointed in the place of the attorney originally appointed by the court. He alleged that this original attorney is without the skill and knowledge necessary to represent him; that he is incompetent, negligent and indifferent; that "defendant is convinced that" the said attorney (naming him) "regards his position as that of a guard to prevent defendant, who is illegally restrained of his liberties to take legal steps to obtain his release," and that "defendant is convinced that" said attorney (naming him) "is not only incompetent, but is also biased and prejudiced against the basic idea of just and honest enforcement of the law," and that defendant believes that the said attorney "is motivated by malice, and not by an alert, profound and sincere American concept of good law enforcement" that he "objects to said attorney appearing in this cause, purporting to represent defendant for the further reason that the State of Indiana cannot ethically control both sides of this proceeding by forcing said attorney or his services upon any person who objects to his appear-

ance." These allegations are typical of all the allegations contained in the petition.

Of course, it is the duty of the court to see that counsel is assigned who has the ability and experience fairly to represent the defendant and to protect his rights. 14 Am. Jur., p. 888. The defendant, however, is not entitled to choose the attorney to be appointed to serve in his behalf. The selection of such attorney is entirely within the discretion of the court. *Lloyd* v. *State* (1934), 206 Ind. 359, 364, 189 N. E. 406; *Keyes* v. *The State* (1890), 122 Ind. 527, 529, 23 N. E. 1097; *Burton* v. *The State* (1881), 75 Ind. 477, 479, 480, 23 C. J. S. 325, 14 Am. Jur. 888. The rule is stated in *Corpus Juris Secundum* in the following language:

"The constitutional guaranty to be represented by counsel does not confer the right upon accused to compel the court to assign him such counsel as he may choose, but the selection of counsel is in the discretion of the court. . . ." C. J. S., p. 325.

In *Lloyd* v. *State, supra,* the following language appears at pages 363-364:

". . . Whether an accused shall be permitted to defend as a poor person, and if permitted to do so, the number of counsel assigned such accused, are questions for the determination of the trial court in the exercise of a sound discretion which will not be interfered with unless it clearly appears that there has been an abuse of discretion to the prejudice of the accused. *Keyes* v. *State* (1890), 122 Ind. 527, 23 N. E. 1097. Likewise, it lies within the sound discretion of the court to decide who shall be assigned as counsel to defend a poor person. *Burton* v. *State* (1881), 75 Ind. 477. . . ."

No sufficient showing of abuse of discretion has been presented to us. No facts appear at all. Only con-

clusions and generalities are alleged. Respondent knows the bar of his court and knows the experience of its members, their competence and standing. We will not assume that he would appoint one of insufficient experience or one who is incompetent or one not in good standing at the bar. Nor will this court direct or by mandate attempt to control the judicial discretion of a trial judge in the performance of his duties. Under proper circumstances we may order him to act but not to act in a prescribed way. *State ex rel. Benson* v. *Superior Court* (1933), 205 Ind. 464, 468, 187 N. E. 203. If there is an abuse of discretion that can be presented to us only on appeal.

It is further alleged in the motion for a new attorney, filed by petitioner in the court below, that the old attorney "does not have the authority, or the right, or the privilege, or the permission to represent, or speak for, or act for, or appear for, this defendant in this matter, or in any other matter, or matters, whatever." The services of an attorney appointed by the court may not be forced upon a pauper defendant, but if the defendant declines such services he must find some way to employ counsel of his own selection or proceed in *propria persona*. His refusal to accept counsel appointed by the court cannot be used to coerce the court to appoint one of his choosing.

Petitioner has prosecuted this action in his individual and personal capacity. An action in mandate should be brought in the name of the State on the relation of the aggrieved person, and this is more than a mere nominal requirement. The State has an interest in the type of relief afforded by an action of mandate. It is a remedy to which the individual is not entitled, but which the State permits him when aggrieved to enforce in the name of the State. *Board of Public*

*Safety* v. *Walling* (1933), 206 Ind. 540, 546, 187 N. E. 385. The petition herein is, therefore, properly subject to dismissal, but we have preferred to consider it as amended and to determine it upon its merits.

It is not made to appear to us that respondent abused his discretion in the appointment of counsel for petitioner or in his refusal to substitute new counsel for the old. Therefore, no ground for a writ of mandate is shown and the petition is denied.

NOTE.—Reported in 73 N. E. (2d) 478.