STATE EX REL. BROWN *v.* THOMPSON, SPECIAL JUDGE
OF THE JASPER CIRCUIT COURT.

[No. 28,486.   Filed October 14, 1948.]

*Robert O. Brown,* pro se.

GILKISON, J.—This is an original action by relator in which he avers that he was convicted in the Jasper Circuit Court, December 2, 1947, and sentenced to death. That he has appealed from said judgment to this court, and the appeal is now pending, as No. 28418.

Relator's complaint is that the pauper attorney provided by the trial court to prepare and complete the appeal is not taking care of the matter, particularly as to briefing the case, to relator's satisfaction. He therefore asks this court to mandate the respondent, the special judge who presided at relator's trial, to discharge the duly selected pauper attorney, who has appealed and briefed his case, "and to appoint competent conscientious counsel" for the perfection of relator's appeal.

Every person accused of crime is entitled "to be heard by himself and counsel." Art. 1 Sec. 13 Indiana Constitution. Under this constitutional provision if a defendant in a criminal action is so poor that he cannot employ counsel at his own expense, it is a duty of the trial court to appoint him competent counsel at public expense. *State ex rel. White* v. *Hilgemann, Judge* (1941), 218 Ind. 572, 34 N. E. 2d 129; *Knox County Council* v. *State ex rel. McCormick* (1940), 217 Ind. 493, 510, 516, 29 N. E. 2d

405; *Lloyd* v. *State* (1933), 206 Ind. 359, 363, 364, 189 N. E. 406; *Batchelor* v. *State* (1920), 189 Ind. 69, 76, 77, 78, 125 N. E. 773; *Hendryx* v. *State* (1891), 130 Ind. 265, 268, 29 N. E. 1131; *Burton* v. *State* (1881), 75 Ind. 477.

The trial court recognized this duty, and appointed counsel for relator who were available for all purposes at and prior to his trial. He also appointed counsel to prepare and present relator's appeal and relator's petition affirmatively shows that the appeal is now pending in this court.

In appointing an attorney for a poor defendant, the trial court is not required to appoint an attorney selected by the defendant. *Lloyd* v. *State, supra; Burton* v. *State, supra.* In many cases it may be desirable that a defendant should be consulted and his wishes ascertained and considered. However, the choice of an attorney to represent a pauper defendant is wholly for the sound discretion of the trial court. *Lloyd* v. *State, supra; Hendryx* v. *State, supra; Burton* v. *State, supra.* His discretion so exercised cannot be controlled; or reviewed except for abuse, and then only on appeal. Whether or not there has been an abuse of discretion in this matter may be considered in the pending appeal.

If relator's appointed attorney on appeal has been derelict in the performance of his duties as relator charges, it will appear in the record and briefs. From these the court not in this original mandamus action, but in considering the appeal, may ascertain and determine whether or not relator has been represented fairly and competently in the trial and appeal, or whether his attorneys have served only perfunctorily. *Wilson* v. *State* (1943), 222 Ind. 63, 51 N. E. 2d 848.

The petition for temporary and permanent writs of mandate is denied.

NOTE.—Reported in 81 N. E. 2d 533.