BURNS *v*. STATE OF INDIANA.

[No. 1068S179. Filed July 29, 1970. No petition for rehearing filed.]

*James T. Hooper,* of Lawrenceburg, *Frank I. Hamilton,* of Greensburg, for appellant.

*Theodore L. Sendak,* Attorney General, *Aaron T. Jahr, Curtis C. Plopper,* Deputies Attorney General, for appellee.

JACKSON, J.—This is an appeal from judgment of the Dearborn Circuit Court wherein the appellant, following a trial by jury, was convicted of involuntary manslaughter and reckless homicide under the felony section of the statute.

This action was commenced on March 7, 1968, by the return of an indictment in two counts. The indictment reads, in pertinent part, as follows:

> "The Grand Jurors of Dearborn County, in the State of Indiana good and lawful men, duly and legally impaneled, charged and sworn to inquire into felonies and certain misdemeanors in and for the body of said County of Dearborn in the name and by the authority of the State of Indiana, on their oath present that one Fayette Burns late of said County, on the 3rd day of March, 1968, at said County and State aforesaid,
>
> COUNT I: Did then and there feloniously, but involuntarily kill a human being, to wit: Brian Eric Romans, age 8, while in the commission of an unlawful act, to wit: by driving and operating a motor vehicle in a Westerly direction on U. S. Highway Number 50 approximately two and a half (2½) miles East of Lawrenceburg, Dearborn County, Indiana, in the inner lane reserved for traffic flowing in an easterly direction upon said Highway; and by driving and operating an automobile at said place while under the influence of intoxicating liquors; and while so driving and operating an automobile at said place while under the influence of intoxicating liquors; and while so driving and operating a motor vehicle, did then and there drive and operate his motor vehicle into and upon another motor vehicle traveling in the opposite direction in which the said Brian Eric Romans was then and there a passenger, the said collision of the two said motor vehicles being then

and there the proximate [cause] of the death of the said Brian Eric Romans; the commission of the aforesaid unlawful act being the proximate cause of the death of the said Brian Eric Romans, all contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana.

COUNT II: That on the 3rd day of March, 1968, in said County and State aforesaid, Fayette Burns late of Dearborn County, State of Indiana, did, on U. S. Highway Number 50 approximately two and a half (2½) miles East of the City of Lawrenceburg, Dearborn County, Indiana, unlawfully and feloniously drive and operate a 1967 Ford Mustang automobile then and there registered in the name of one Noah Jacobs, with reckless disregard for the safety of others, to-wit: that the said Fayette Burns did then and there operate the said motor vehicle in a Westerly direction in the lanes reserved for traffic flowing in an Easterly direction and did thereby cause the death of another person, to wit: one Brian Eric Romans, age 8, which said death was directly and proximately caused by the said reckless driving of Fayette Burns, in that Fayette Burns did then and there and while so operating and driving the said automobile in a Westerly direction and within the lanes reserved for traffic flowing in an Easterly direction collide and drive upon and into a 1968 Volkswagen automobile then and there owned and operated and driven by one Vernon H. Romans in an Easterly direction upon said highway, and that upon the collision of the automobile driven by the said Fayette Burns with the right side of the automobile driven and operated by the said Vernon Romans, the said Brian Eric Romans being then and there a passenger in the car owned and operated by the said Vernon Romans, the said Brian Eric Romans was thrown and hurled from the said automobile driven by Vernon Romans and thrown upon the highway with such force and violence that his skull was fractured as the result of which he died. That the said Vernon Romans at the time of said collision was operating his said automobile in the passing or inner lane of the said highway in an Easterly direction and within the lanes reserved for traffic flowing in an Easterly direction. That the reckless disregard for the safety of others on the part of the said Fayette Burns was the direct and proximate cause of the death of the said Brian Eric Romans, all contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Indiana."

On May 29, 1968, the trial court rendered judgment on the verdict of the jury, and sentenced the appellant to the Indiana State Prison for a term of not less than two (2) nor more than twenty-one (21) years for the offense of manslaughter as well as the offense of reckless homicide.

On June 24, 1968, the appellant filed his motion for a new trial. This motion was overruled by the trial court on August 6, 1968. The appellant's assignment of errors was filed with the clerk of this Court on January 29, 1969, and assigns as error the overruling of his motion for a new trial.

The facts of the case at bar are extremely tragic, but basically undisputed. The fatal collision in question occurred on U. S. Highway No. 50 in Dearborn County, at approximately 8:00 p.m. on March 3, 1968. The highway at that point is four lanes consisting of two eastbound and two westbound lanes separated by a narrow divider strip. The highway is straight, level and essentially unobstructed for approximately one-half a mile to a mile in either direction from the point of the collision.

According to the testimony of six eyewitnesses, two of whom were involved in the collision, at the time of the collision the appellant's car was traveling west in the eastbound traffic lanes. The car in which the decedent was riding, which was being diven by the decedent's father, was traveling east in the eastbound passing lane. Although the precise sequence of events is somewhat clouded, it appears that the appellant's car first struck a car in the right hand eastbound lane, and then struck the car in which the decedent was riding. At some point after impact, the decedent was thrown from the car and landed upon the pavement. At trial the Dearborn County coroner testified that death was due to brain damage resulting from a fractured skull.

Over objections by the appellant, State Trooper James Theobald testified that at approximately 9:00 p.m. on March 3, he was called to the Greendale Police Department where he

saw the appellant. Trooper Theobald testified that he advised the appellant of his constitutional rights, and after being so advised the appellant consented to a breathalizer test. The witness stated that the results of the test showed the appellant to have had in excess of .17 per cent alcohol in his blood. He further testified that, by statute, a person is considered prima facie under the influence of alcohol if there is an excess of .15 per cent alcohol in his blood. Trooper Theobald then stated that he administered certain standard performance tests to the appellant, and that, in the opinion of the witness based upon the performance tests, the appellant appeared to be under the influence of alcohol.

The appellant took the stand in his own behalf. He testified that he drank approximately five or six beers in three hours. He then stated that he starting driving toward Lawrenceburg on the right hand side of U. S. 50. He said that he saw some cars coming toward him, and remembered something hitting him. He acknowledged that the police advised him of his constitutional rights, but denied that he agreed to take the breathalizer test. However, on cross-examination the appellant said that he did not know whether he consented to the test.

The appellant's first contention on appeal is that the trial court erred in overruling the appellant's motion to quash the indictment. However, we are unable to consider this issue due to substantial confusion arising from the record. The appellant's motion to quash alleges in part that "* * * said indictment contains three (3) counts * * *." The copy of only one indictment appears in the transcript, and this indictment contains only two counts. Since the trial court granted the appellant's motion to quash as to the alleged Count III of the indictment we could possibly conclude that the indictment presented in the transcript is the indictment as amended after the motion to quash was sustained in part. At best, though, such a conclusion is only a guess, and hardly comprises a sound basis for intelligent judicial review. Moreover, it is the duty of the party bringing an appeal to include

in the record so much of the proceedings below as is necessary for adjudication of the issues raised on appeal. The appellant having failed to do so in this case, he has waived the issues raised concerning alleged error in the trial court overruling a portion of his motion to quash.

The appellant next contends that the trial court erred in admitting into evidence, over objection by the appellant, State's Exhibit No. 10, which is a certified copy of the appellant's driving record. The appellant contends that the record was inadmissible in that it contained evidence of prior offenses. Included in the appellant's driving record were convictions for drunken driving and for reckless driving. At the time the appellant's driving record was admitted into evidence the appellant had not yet taken the witness stand to testify.

When State's Exhibit No. 10 was offered into evidence the appellant objected to it by saying:

> "The defendant objects to the offering of State's Exhibit No. 10 *for the reason that it contains information as to other records other than the one of Drunken Driving,* and also that it is not certified to as the complete record and the same is not in truth and in fact the complete record. * * *." (Emphasis added)

In argument before the trial court concerning the appellant's objection the Prosecuting Attorney said, in part:

> "*In answer to Mr. Hooper's objection is his prior driving record, Reckless Driving and Driving Under the Influence,* both of which are part of the charge in this case. This is a certified record from the Bureau of Motor Vehicles which is a bonafide agency and is proof." (Emphasis added)

The State contends that the appellant has waived the issue of inadmissibility of the exhibit on the grounds that it contains evidence of prior crimes. The State contends that the appellant did not object to the exhibit for this reason at trial, but for the reason that the record was incomplete.

It is clear from the above cited passages, however, that the

State's contention is utterly without merit. That the Prosecuting Attorney understood the appellant to be objecting to the exhibit on the grounds that it contained evidence of other offenses, is evident from his comments during argument at trial. Also, the transcript quotes appellant's counsel as saying, "The defendant objects to the offering of State's Exhibit No. 10 for the reason that it contains information as to other records other than the one of Drunken Driving. . . ." The appellant's objection, therefore, was more than sufficient to preserve the issue on appeal.

As to the appellant's contention that it was error to admit Exhibit No. 10 into evidence, this Court has, in numerous cases, adhered to the general rule that evidence of prior offenses which are separate and independent from the offense charged are irrelevant and inadmissible. *Blue* v. *State* (1968), 250 Ind. 249, 235 N. E. 2d 471; *Fulmer* v. *State* (1967), 249 Ind. 261, 230 N. E. 2d 307; *Layton* v. *State* (1966), 248 Ind. 52, 221 N. E. 2d 881; *Wells* v. *State* (1959), 239 Ind. 415, 158 N. E. 2d 256.

While it is true that there are exceptions to this rule, those exceptions are not present in the case at bar. Inasmuch as the appellant had not yet taken the witness stand or presented any evidence in his behalf when the exhibit containing the evidence of prior crimes was admitted, he had not put his character in issue. See, *Wells* v. *State, supra.* The appellant did not attempt to raise the defense of insanity, and thus the evidence of prior offenses is not admissible on that basis. See, *Fulmer* v. *State, supra.* Nor does the crime with which the appellant was charged have peculiar characteristics which, coupled with other crimes of a similar nature with similar characteristics, would identify the appellant as the perpetrator of the crime. See, *Layton* v. *State, supra.* Indeed, with the number of eyewitnesses in the case at bar there was no need to attempt to identify the appellant through circumstantial evidence. Moreover, the offenses with which the appellant was charged were not crimes involving depraved

sexual instincts. See, *Meeks* v. *State* (1968), 249 Ind. 659, 234 N. E. 2d 629.

Since, in the case at bar, the evidence of prior offenses does not fit into any of the exceptions to the general rule we can only conclude that the purpose of the evidence was to prejudice the appellant in the minds of the jury. It was therefore reversible error to allow State's Exhibit No. 10 into evidence over the appellant's objection.

The judgment of the trial court is reversed with instructions to grant the appellant's motion for a new trial.

Hunter, C.J., Arterburn, De Bruler and Givan JJ., concur.

NOTE.—Reported in 260 N. E. 2d 559.