FRANK VAWTER *v.* STATE OF INDIANA.

[No. 970S210. Filed March 9, 1972. Rehearing denied May 3, 1972.]

*William C. Erbecker,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert A. Zaban,* Deputy Attorney General, for appellee.

DeBruler, J.—This is an appeal from a conviction for violation of I. C. 1971, 35-17-5-14, being Burns § 10-3041, in a trial without jury in the Marion County Criminal Court, Division I. Appellant was sentenced to ninety days on the State Farm and $200.00 fine. The part of Burns § 10-3041, *supra,* under which appellant was charged reads:

> "(1) Scope. A person commits a crime when he knowingly: (a) demands by threat control over property of the owner...."

Appellant's argument on appeal is that there was insufficient evidence to sustain the trial court finding of guilty. In reviewing the allegation of insufficient evidence this Court will not weigh the evidence nor resolve questions of credibility of witnesses, but will look to that evidence and the reasonable inferences therefrom which support the finding of the trial court. *Asher* v. *State* (1969), 253 Ind. 25, 244 N. E. 2d 89. The conviction will be affirmed if from that viewpoint there is evidence of probative value from which the trier of fact could reasonably infer that the appellant was guilty beyond a reasonable doubt. *Smith* v. *State* (1970), 254 Ind. 401, 260 N. E. 2d 558.

George Urquhart was an electrical contractor doing business in Marion County as T & U Electrical Service. On Friday, January 26, 1968, Urquhart was engaged in installing wiring and other electrical equipment in an addition to an office building at 9115 Hague Road in Marion County. He was using a non-metallic cable and conduit throughout the building. On the above date the Marion County Building Commission was the governmental inspecting authority for the building Urquhart was working on. On the above date appellant was the Chief Electrical Inspector for the Marion County Building Commission, and he went to the construction site at 9115 Hague Road in furtherance of his duties. When appellant arrived at the site he saw the non-metallic cable in the walls and told Urquhart that that type of cable would not pass

inspection in Marion County. Appellant had a red, stop-work tag put on the job and he told the workers to stop work or he would call the police. Urquhart argued with appellant about the validity of appellant's refusal to approve the cable and appellant then told Urquhart that the cable could be used under "special permission." Urquhart told appellant the work was pressing and asked how he was to obtain this special permission. Appellant told the assistant inspector who was present to leave, walked with Urquhart to the back of the building and then told him it would cost him $75.00. Urquhart said he did not have $75.00 right then and it would be Monday before anything could be done. Appellant had Urquhart write out the address 105 W. 91st Street, and indicated by gesture that appellant was to pick up the door mat and deposit something under it. Appellant then instructed his assistant inspector to remove the red tag and put on a blue tag, signifying an approval for going ahead with the work. On Monday Urquhart again talked to appellant in the City-County Building and Urquhart testified concerning that meeting as follows:

"A. . . . But anyhow Mr. Vawter come into the office and he shut the door.

Q. All right, was there anyone else present?

A. No.

Q. Just you and Mr. Vawter in the office.

A. Just me and Mr. Vawter in the office.

Q. All right. And what did he say to you and what did you say to him at this particular time?

A. Well, he started the conversation, he said, no, we haven't passed that type of wiring for quite sometime. So I said, well, in lieu of the fact that you haven't got a bulletin to this effect it looks like the National Electric Code is going to have to be honored in this respect. He said no, he said, you are going through with our little deal, aren't you. I said no, I said, I haven't paid off before and I am not about to start it now. And so he said, okay. And so I left the office."

Appellant discussed it no further with Urquhart and the job was completed without any further difficulty.

The appellee was required to prove: (1) Appellant knowingly (2) demanded control over Urquhart's property, (3) by threat. The above evidence is sufficient to show that appellant, who had the power to disapprove appellant's work and thus cause expensive delay in the project, threatened to withhold the necessary approval of Urquhart's work unless Urquhart gave appellant $75.00 The fact that Urquhart refused to pay, thus calling appellant's bluff, and that thereafter appellant did not carry out the threat by actually disapproving Urquhart's work, does not affect our holding. The statute was violated at the moment of the demand and threat and the carrying out of the threat was not required.

The statute under which appellant was convicted, Burns § 10-3041, *supra,* has the following penalty provision:

"(2) Penalty. A person convicted of a crime under this section shall be fined in any sum not exceeding five thousand dollars or imprisoned for not less than one year nor more than ten years, or both, and be disfranchised and rendered incapable of holding any office of trust or profit for any determinate period."

We hold there is sufficient evidence to sustain the trial court finding of guilty however, it is clear from that statute that the trial court did not have the power to sentence appellant to only ninety days on the State Farm and this case is remanded to the trial court and the trial court is ordered to correct its sentence in accordance with the statute.

Arterburn, C.J., Givan, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 279 N. E. 2d 805.