ROBERT LEE JOHNSON *v.* STATE OF INDIANA.

[No. 971S273. File June 13, 1972.]

*John O. Moss,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Darrel K. Diamond,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Robert Lee Johnson, appellant (defendant below), from a conviction for assault with intent to kill. Appellant and another were charged jointly with the offenses of entering to commit a felony and assault with intent to kill. Appellant entered a plea of not guilty and waived trial by jury. He was tried separately to the court and was found not guilty on the charge of entering to commit a felony and guilty on the charge of assault with intent to kill. Appellant was sentenced to the Indiana Reformatory for not less than two (2) nor more than fourteen (14) years. His Motion to Correct Errors was overruled and this appeal followed.

Appellant has five main contentions.

(1) The State failed to establish a prima facie case against the appellant in its case in chief and it was therefore error not to grant appellant's Motion for Discharge.

(2) The evidence was insufficient to support a finding of guilty beyond a reasonable doubt.

(3) The Court erred in denying appellant's Motion in Arrest of Judgment which claimed the affidavit failed to state a public offense.

(4) The Court committed prejudicial error in denying appellant's Motion to Separate Witnesses.

(5) The Court erred in denying appellant's Motion to Consolidate for hearing on the Motion to Quash and in denying appellant's Motion to Consolidate this case with two other cases apparently pending.

We will consider together the first two contentions concerning whether or not the State established a prima facie case and whether the evidence was sufficient. In reviewing the sufficiency of the evidence, this Court has stated that we will not weigh the evidence on appeal nor will we determine the credibility of witnesses. Only that evidence most favorable to the State and the reasonable inferences to be drawn therefrom will be considered. As long as there is substantial evidence of probative value sufficient to establish every material element of the crime beyond a reasonable doubt, the judgment will not be disturbed. *Jackson* v. *State* (1971), 257 Ind. 477, 275 N. E. 2d 538; *Daniels* v. *State* (1971), 257 Ind. 376, 274 N. E. 2d 702; *Valentine* v. *State* (1971), 257 Ind. 197, 273 N. E. 2d 543.

The evidence most favorable to the State is as follows. Two men wearing ski masks entered the Jenkins Gun Shop at about 9:15 A.M. on February 20, 1971. One of the men removed a .22 caliber rifle from a box he was carrying, pointed it at the teller and announced it was a hold-up. At this point, the other man, who was described as wearing a red and blue ski mask and who was not carrying a gun, noticed the owner of the store walking in from the back and instructed the man with the rifle to "Get the one in the back." An exchange of gun fire followed and the masked men ran from the store.

At approximately this time, a man in the barbershop next door heard the shots and ran to the door. He saw two men

wearing ski masks running from the direction of Jenkins Gun Shop. One of the men was wearing a red and blue ski mask, a red sweat shirt, and dark trousers. He ran to a white Ford automobile and drove away. About half-way down the block, he slowed down and the other man climbed into the car. The witness from the barber shop then leaped into his own car and followed. Eventually the white Ford stopped and the witness pulled up behind it. At this point, neither man was wearing a ski mask. The driver of the car who was wearing a red sweat shirt jumped out of the car and ran. The witness from the barber shop positively identified this man as being the appellant.

At this time, the State rested its case. Without considering whether this evidence was sufficient to convict, it was undoubtedly sufficient to establish a prima facie case by the State. "Prima facie" means such evidence as is sufficient to establish a given fact and which will remain sufficient if uncontradicted. *Rene's Restaurant Corp.* v. *Fro-Du-Co Corp.* (1965), 137 Ind. App. 559, 210 N. E. 2d 385. It had been established that two men in concert fired upon another human being; that they were then followed and one of them was positively identified as being appellant.

Appellant was completely unable to contradict this evidence during the presentation of his case. On the other hand, on rebuttal the State presented further evidence to establish appellant's guilt. A policeman testified that he came upon the scene as the driver was running from the white Ford. He noted that the man was wearing a red sweat shirt and he positively identified appellant as being that man. The officer found the other man still in the car and also found two ski masks and a .22 rifle.

Appellant asserts vigorously that, because there were no witnesses from the actual scene of the crime who could positively identify him and the possibility existed that the man who followed them may not have had the car in sight at all

times, the evidence was circumstantial and every reasonable hypothesis of innocence was not precluded. However, the key to this is "reasonable". We are unable to imagine any *reasonable* hypothesis to indicate his innocence; on the contrary, the evidence leads inalterably to his guilt.

The elements of this crime are an assault together with the intent to kill. See IC 1971, 35-13-2-1 (Ind. Ann. Stat. § 10-401a [1971 Supp.]) Although it appears that appellant was not the man who fired the shots, he was clearly an accomplice and can be charged the same as a principal. See IC 1971, 35-1-29-1 (Ind. Ann. Stat. § 9-102 [1956 Repl.]) ; *Tibbs* v. *State* (1970), 255 Ind. 309, 263 N. E. 2d 728; *Cline* v. *State* (1969), 253 Ind. 264, 252 N. E. 2d 793. IC 1971, 35-13-4-7 (Ind. Ann. Stat. § 10-402 [1956 Repl.]) states :

> "Whoever, having the present ability to do so, attempts to commit a violent injury upon the person of another, is guilty of an assault . . ."

In this case, there was clear proof of an attempt to do violent injury and it was at the command of the appellant. Intent to kill may be inferred from the deliberate use of a deadly weapon in a manner calculated to produce death. *Stock* v. *State* (1969), 252 Ind. 67, 245 N. E. 2d 335; *Liston* v. *State* (1969), 252 Ind. 502, 250 N. E. 2d 739. The intent to kill is thus demonstrated both from the use of the rifle by the other man and from appellant's command to "Get the one in back." The only question concerning the evidence in this case would be the identification of the appellant as one of the participants and this was clearly proven by an unbroken chain of evidence.

Appellant's next contention is that the affidavit failed to state a public offense. The pertinent portions of the affidavit are that appellant:

> ". . . did then and there unlawfully, feloniously, and purposely attempt to commit a violent injury to the person of

one Howard Jenkins, a human being . . . then and there having the present ability to commit such violent injury, by then and there feloniously and purposely attempting to shoot said Howard Jenkins . . . with the intent then and there and thereby to feloniously and purposely kill said Howard Jenkins . . ."

Appellant contends the affidavit charges an attempted assault which would thus be an attempted attempt, and this is not an offense under any statute. However, the affidavit says "attempt to commit a violent injury" and "attempting to shoot." As noted above, an assault is defined as an attempt to commit a violent injury. These are the exact words used at one point in the affidavit and the other phrase used, "attempting to shoot," is unquestionably one form of attempting to commit a violent injury. Appellant's contention has no merit.

Appellant's next assertion is that the trial court committed prejudicial error in denying appellant's Motion to Separate Witnesses. A motion for separation of witnesses is wholly within the discretion of the trial court as it is required by neither statute nor common law. Separation is not a right, but may be granted at the judge's discretion. *Brown* v. *State* (1971), 255 Ind. 594, 265 N. E. 2d 699; *Butler* v. *State* (1951), 229 Ind. 241, 97 N. E. 2d 492. There must be a *manifest* abuse of discretion before the judge's ruling will be disturbed. *Dudley* v. *State* (1970), 255 Ind. 176, 263 N. E. 2d 161. Appellant failed completely to show in what way this denial was prejudicial to him. In fact, there was *no attempt* to show this. More than a bare contention is necessary.

Appellant's final claim is that the trial court erred in denying appellant's Motion to Consolidate for hearing on the Motion to Quash and in denying appellant's Motion to Consolidate this case with two other cases apparently pending. Appellant has completely failed to comply with AP. 8.3 (A) (7) in "arguing" this point. The record contains only the Motion

for Consolidation for hearing on the Motion to Quash. After a thorough search of the entire record, we are unable to find any motion or indication that appellant wanted this case consolidated for trial with any other cases. The only enlightenment we get from appellant's brief is the numbers of the other cases and the naked claim that all these cases arose out of the same fact situation. No further description of the other cases is to be found. It is incumbent upon appellant to present a sufficient record to allow an intelligent decision of the issues. *Burns* v. *State* (1970), 255 Ind. 1, 260 N. E. 2d 559. As to the consolidation for hearing on the Motion to Quash, there is no indication that the trial court ever ruled upon it. The record only indicates that the Motion to Quash was overruled. Appellant made no other attempt to pursue this consolidation until he filed his Motion to Correct Errors. He fails to indicate in what way any ruling of the trial court was erroneous and also fails to show how any prejudice accrued to him. At another point, appellant claims the denial of the Motion to Quash was erroneous but is completely lacking supporting argument. Without any indication of how these rulings were erroneous or prejudicial, we certainly cannot disturb the decision of the trial court on these grounds.

There is one final contention contained within appellant's brief which was also unsupported by any argument in the brief. Appellant claims it was erroneous for the trial court to exclude a photograph of an intersection involved in the case. Admission or rejection of photographs is within the sound discretion of the trial court and will not be disturbed unless there is an abuse of discretion. *New* v. *State* (1970), 254 Ind. 307, 259 N. E. 2d 696. When this photograph was to be introduced, appellant's counsel asked the witness whether the photograph was a true and accurate representation and the witness said he did not know. The State then objected to its introduction and the objection was sustained. For a photograph to be admissible it is first necessary to establish that it is a true and correct representation of the

thing which it intends to portray. See *McCormick on Evidence* § 214, at 530-531 (2d Ed. 1972) ; 3 *Wigmore on Evidence* § 790, at 218 (Chadbourn rev. 1970). The trial court was clearly correct in its ruling.

For all the foregoing reasons, the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C. J., DeBruler, Givan and Prentice; JJ., concur.

NOTE.—Reported in 283 N. E. 2d 532.