STATE OF INDIANA *v*. JERRY M. IRVIN, THOMAS E. MOGLE, THOMAS G. MCALLISTER.

[No. 971S265. Filed January 5, 1973.]

*Jerry N. Virgil, Stephen E. Platt,* of Elkhart, for appellants.

*Theodore L. Sendak,* Attorney General, *Stephen J. Cuthbert,* Deputy Attorney General, for appellee.

HUNTER, J.—This is an appeal by Thomas McAllister, Jerry Irvin, and Thomas Mogle, appellants (defendants below), from convictions for the unlawful possession of a narcotic drug. Appellants were arrested on October 26, 1970. They were charged by affidavit and then obtained a change of

venue. They were tried by jury which returned a verdict of guilty on February 9, 1971. A motion to correct errors was filed and overruled resulting in the present appeal. Appeal came directly to this Court because it was a criminal appeal filed prior to January 1, 1972 when the new Judicial Article went into effect.

Appellants assert four allegations of error:

    (1) Inadequacy of counsel;

    (2) Lack of impartiality on the part of the trial judge;

    (3) Error in appointing as pauper counsel the same attorney who had previously been discharged as appellants' privately retained counsel;

    (4) Error in increasing appellant Irvin's sentence after he indicated his intent to appeal.

Appellants base their inadequate counsel contention on four allegations:

(1) The failure to file for a change of judge after an alleged statement by the trial judge which they claim indicated a bias on the part of the judge;

(2) The failure to interview other witnesses in the cause which they claim would have been helpful to their defense;

(3) The refusal to adequately interview appellant McAllister;

(4) Inadequate preparation of the defense prior to trial. Appellants contend that their attorney was remiss in not moving for a change of judge after the trial judge allegedly made the following statement when speaking of the appellants:

"They're like Manson in California—they want to dictate how the lawyer should handle the case."

Appellants claim that this statement subsequently appeared in the newspaper. There is, however, no indication in the record that this statement was ever made nor has there been any showing that the statement appeared in the newspaper. No affidavits were filed by appellants as-

serting this claim. Nothing appears but the bare assertion contained in appellants' brief. It is incumbent upon the appellants to present a sufficient record to permit an intelligent review of the issue. *Johnson* v. *State* (1972), 258 Ind. 648, 283 N. E. 2d 532; *Burns* v. *State* (1970), 255 Ind. 1, 260 N. E. 2d 559. Error alleged but not disclosed by the record is not a proper subject for review. *Turner* v. *State* (1972), 258 Ind. 267, 287 N. E. 2d 339; *Cooper* v. *State* (1972), 259 Ind. 107, 284 N. E. 2d 799. Since there is nothing in the record to support appellants' contention, we cannot consider it.

Appellants' second contention in support of the inadequate counsel allegation is the claim that the attorney failed to interview witnesses which would be helpful to the defense. However, appellants fail to name these witnesses or to explain in what way they would be helpful to the defense. We have here nothing more than pure conjecture as to whether any significance could be attached to this at all. Once again we have an insufficient record to permit review. *Johnson, supra; Burns, supra; Turner, supra; Cooper, supra.*

The third contention in support of the inadequate counsel argument is the allegation that the attorney refused to adequately interview appellant McAllister who was being held in jail pending trial. When the other two appellants asked the attorney to see McAllister a few days before trial, the attorney refused, saying he would see him the morning of the trial and speak with him before the trial commenced. However, the attorney stated in his uncontradicted affidavit that he had spoken with McAllister on a number of prior occasions. He had conferred with all three defendants on Nov. 4, 7, 12 and 13. He already had all the facts in the case and another interview with McAllister at that point would seem unnecessary.

Appellants' final contention in support of the inadequate counsel contention is the alleged lack of sufficient preparation.

Adequate preparation time must be decided in light of the facts of each case. *Thomas* v. *State* (1969), 251 Ind. 546, 242 N. E. 2d 919; *Shack* v. *State* (1967), 249 Ind. 67, 231 N. E. 2d 36. The attorney was first contacted by appellant Irvin on November 3 and conferred with Irvin on that date and thoroughly covered the factual basis of their case. On November 4, 7, and 12 the attorney conferred with the prosecuting attorney and conferred with all three appellants. He also conferred with appellants at the time of the arraignment on November 13 and discussed the facts of the defense. At that time the attorney learned there were no other witnesses which could be called in behalf of the defense. During December and January, the attorney had written correspondence and telephone calls with the appellants. He also conferred with both the prosecuting attorney and the arresting officer, and he learned of all the facts the State intended to prove. He tried to set up polygraph tests for the appellants, but the prosecutor indicated he would prosecute regardless of the results so the attorney dropped the endeavor. During January he scheduled three meetings with the appellants but in each instance they failed to show up. Prior to trial the attorney devoted .eleven hours in preparation of the case. Appellants claim this was insufficient. We disagree. This case was one of simple facts and we are of the opinion that the attorney's time and method of preparation were sufficient to prepare an adequate defense.

There is a presumption that defense counsel is competent, and this presumption can be overcome only if it can be shown that what the attorney did, or did not do, made the proceedings a mockery and shocking to the conscience of the Court. *Robbins* v. *State* (1971), 257 Ind. 273, 274 N. E. 2d 255. After looking at the totality of the circumstances in this case, we hold that appellants have failed to overcome this presumption. Lack of adequate counsel has not been shown in the instant case.

Appellants' second allegation that the trial judge was biased to their prejudice is based on the judge's alleged remark discussed above in connection with the issue of the attorney's failure to move for a change of judge. As noted above, there is simply no support for this allegation in the record and it is therefore not a proper subject for review. *Turner, supra; Cooper, supra.*

Appellants' third contention is that the trial court erred in appointing as pauper counsel the same attorney who had previously been discharged as appellants' privately retained counsel. Trial was set for February 8, 1971. Appellants' counsel withdrew from the case on January 20, 1971, at the request of appellants and due to the fact that appellants were unable to pay him. On January 26, 1971, the prosecutor requested that an order to appear be issued to appellants because appellants were then without counsel. On January 29, appellants appeared and the trial court appointed as pauper counsel the same attorney who had previously withdrawn as appellants' privately retained counsel. On February 5, the appellants appeared before the trial court and orally expressed dissatisfaction with their attorney. On February 8, 1971, the date the trial began, the appellants filed a written statement expressing dissatisfaction with their attorney. They requested to have new counsel appointed and asked for a continuance. The request was denied.

The choice of an attorney to represent a pauper defendant is wholly within the sound discretion of the trial court and can only be reviewed for abuse. *State ex rel. Brown* v. *Thompson* (1948), 226 Ind. 392, 81 N. E. 2d 533; *Schuble* v. *Youngblood* (1947), 225 Ind. 169, 73 N. E. 2d 478. The trial court need not appoint such counsel as the defendant may choose. *Burton* v. *State* (1964), 246 Ind. 197, 200, 204 N. E. 2d 218; *McDowell* v. *State* (1947), 225 Ind. 495, 76 N. E. 2d 249. The services of an attorney appointed by the court may not be forced upon a pauper de-

fendant but if the defendant refuses to be represented by the appointed counsel, he must find some method to employ his own counsel or proceed in *propria persona*. *Schuble* v. *Youngblood, supra.* The defendant may not arbitrarily compel a trial court to discharge competent appointed counsel. *Burton* v. *State, supra.*

The appellants in this case did not seek a change of attorney until the time for trial was imminent. Their reasons for wanting a new attorney were essentially the same as their allegations concerning their attorney's competency discussed above. They were vague allegations without support and basically boiled down to a lack of confidence by appellants in their attorney. The attorney appointed had been appellants' privately retained counsel. He had already done a good deal of work on the case and had been involved with the case almost from the beginning. We have already held that appellants' attorney was competent. Since trial was imminent, the appointed counsel was familiar with the case, and appellants' reason for the request was merely a lack of confidence in their attorney, the trial court did not abuse its discretion when it denied the request.

Appellants' final contention is that the trial court erred when it increased appellant Irvin's sentence after Irvin indicated his intent to appeal. Irvin was originally sentenced for not less than two nor more than ten years and fined two hundred fifty dollars ($250.00). His sentence was then suspended and he was ordered to serve out his fine at the state farm. IC 1971, 35-9-1-2, (Ind. Ann. Stat. § 9-2227a [1971 Supp.]), provides that one jailed for failure to pay a fine will serve one day for each five dollars. Irvin would thus spend fifty days on the farm. However, the same statute permits imprisonment only for refusal to pay the fine, and then this cannot be done if the defendant is an indigent. *Tate* v. *Short* (1971), 401 U.S. 395.

In the case at bar, the incarceration on the state farm was

not based on a refusal to pay the fine but was, in practical effect, in lieu of the fine. Characterized in this manner, the case is analagous to *Vawter* v. *State* (1972), 258 Ind. 168, 279 N. E. 2d 805. In *Vawter,* the defendant was convicted for a crime calling for a sentence of one to ten years. The judge sentenced the defendant to ninety days on the state farm. This Court held that the trial court did not have the power to establish such a sentence and remanded the case for correction of the sentence by the trial court. Based on *Vawter,* the trial court in the instant case would have no power to sentence Irvin to fifty days on the farm for a crime calling for a sentence of two to ten years.

The trial judge in the case at bar obviously realized his error because at the time he denied appellants' motion to correct errors he also corrected Irvin's sentence. He then removed the suspended sentence and gave Irvin a two to ten year sentence which was the same sentence the other two appellants had previously received. Admittedly, the judge could have retained the suspended sentence and merely removed the method of serving out the fine. However, it was not error for the trial court to reinstate the original sentence as the judge obviously felt Irvin should serve *some* time for his misdeed. After having given Irvin an invalid sentence, the judge had a choice either to suspend the sentence completely or sentence according to the statute. Either course of action would be proper.

Appellants imply that the sentence was changed as a punishment for filing an appeal. However, the judge corrected the sentence at the same time that he overruled the motion to correct errors. At this time it would be impossible for the judge to know whether Irvin intended to appeal or not. When he corrected the sentence the judge recognized that his prior sentence was improper and was correcting his error. Under the circumstances, the actions of the trial court were entirely proper and appellant Irvin's appeal is not reversible based on this issue.

For all the foregoing reasons the judgment of the trial court is affirmed.

Judgment affirmed.

Arterburn, C.J., and Givan, J., concurs; Prentice, J., concurs in part and dissents in part with opinion in which De-Bruler, J., concurs.

### OPINION CONCURRING IN PART, DISSENTING IN PART

PRENTICE, J.—I concur with the majority except as to its determination upon the issue of the alteration of the sentence of the defendant Irvin. Upon this issue, I would remand with instructions to reinstate the original sentence, fine and suspension, omitting, however, the provision for serving a penal farm sentence in lieu of the fine. The sentence was improper only insofar as it provided for the penal farm sentence. In this respect it was unlawful and subject to correction. This, however, did not authorize an alteration or revision of that portion that was clearly lawful. The sentence of imprisonment was according to law, as was the suspension thereof. The action of the trial judge in "correcting" the sentence, insofar as it affected the suspension of the sentence, amounted to a revocation of the suspension. There having been no specific condition attached to the suspension it was a suspension pending good behavior; and we recently held that such a suspension may be revoked only upon a prior determination of guilt with respect to another crime. *State of Indiana ex rel. Gash* v. *Morgan County Superior Court* (1972), 258 Ind. 485, 283 N. E. 2d 349.

DeBruler, J., concurs.

NOTE.—Reported in 291 N. E. 2d 70.