STATE OF INDIANA ON THE RELATION OF DELBERT L. SHORTER *v.*
THE ALLEN SUPERIOR COURT, PHILLIP R. THIEME, AS
JUDGE OF THE MISDEMEANOR DIVISION.

[No. 3-1272A94. Filed February 15, 1973. Rehearing denied March 20, 1973. Transfer denied July 3, 1973. Cert. denied 414 U.S. 1074.]

*Robert S. McCain,* of Fort Wayne, for relator.

*John R. Fleck, Keller, Fleck & Holleran,* of Fort Wayne, for respondent.

PER CURIAM—This original action was commenced by Relator, Delbert L. Shorter, seeking the issuance of a Writ of Prohibition in aid of this Court's appellate jurisdiction to forbid Respondent Allen Superior Court and The Honorable Phillip R. Thieme, Judge of the Misdemeanor Division of that Court, from assigning Shorter's appeal to a county public defender and from preventing Shorter's trial attorney from representing him in his appeal with compensation for his services.

The record in this case reveals the following facts:

The Relator, Delbert L. Shorter, was convicted of Contributing to the Delinquency of a Minor in the Respondent Court. Shorter retained private counsel to represent him at trial. Following the overruling of his Motion to Correct Errors and the filing of a praecipe, Shorter petitioned the Respondent Court for costs of transcript, bill of exceptions and attorney's

fees for his trial counsel to prosecute an appeal to the Court of Appeals of Indiana. Respondent Court granted Shorter's petition for costs with attorney's fees for appeal, but assigned Shorter's appeal to the office of public defender of Allen County, rather than to Shorter's trial counsel as requested.

Shorter argues in support of his petition for a Writ of Prohibition that the Respondent Court acted beyond its lawful jurisdiction in assigning his appeal to the County Public Defender because this action denied him his constitutional right to the counsel of his choice to prosecute his appeal.

A defendant in a criminal trial has a right to have an attorney of his own choice if he is financially able to employ such an attorney. If he is not financially able to do so, it is the duty of the Court to select a competent attorney for him at public expense. *Fitzgerald* v. *State* (1970), 254 Ind. 39, 257 N.E.2d 305; *State* v. *Minton* (1955), 234 Ind. 578, 130 N.E.2d 226.

The Court's duty to appoint competent counsel arises at any stage of the proceedings, including an appeal, when the defendant's indigency causes him to be without the assistance of counsel. *State ex rel. Grecco* v. *Allen Circuit Court* (1958), 238 Ind. 571, 153 N.E.2d 914; *Douglas* v. *California* (1963), 372 U.S. 353, 83 S. Ct. 814, 9 L. Ed. 2d 811.

While an indigent has an absolute right to the assistance of counsel, he does not have the absolute right to the assistance of the counsel of his choice. *United States* v. *Hampton* (7th Cir. 1972), 457 F. 2d 299; *Reiff* v. *United States* (9th Cir. 1962), 299 F. 2d 366, cert. den. (1963), 372 U.S. 937, 83 S. Ct. 884, 9 L. Ed. 2d 768.

The Indiana Supreme Court has recently reaffirmed this principle that the indigent defendant does not have the absolute right to the attorney of his choice in *Irvin* v. *State* (1973), 259 Ind. 610, 291 N.E.2d 70. In discussing the trial court's denial of the appellant's request for the appointment of counsel other than the counsel selected by the court, who

had been appellant's privately retained counsel, the court, at 615 of 259 Ind., at 74 of 291 N.E.2d, said:

> "The choice of an attorney to represent a pauper defendant is wholly within the sound discretion of the trial court and can only be reviewed for abuse. *State ex rel. Brown* v. *Thompson* (1948), 226 Ind. 392, 81 N.E.2d 533; *Schuble* v. *Youngblood* (1947), 225 Ind. 169, 73 N.E.2d 478. The trial court need not appoint such counsel as the defendant may choose. *Burton* v. *State* (1964), 246 Ind. 197, 200, 202 N.E.2d 165, 204 N.E.2d 218; *McDowell* v. *State* (1947), 225 Ind. 495, 76 N.E.2d 249."

Since the matter of who the court will appoint as pauper counsel for an indigent defendant is solely within the trial court's discretion, a writ of prohibition, which lies to confine a trial court to its lawful jurisdiction, will not issue.

Shorter has no absolute right to the relief requested. Any question concerning the wisdom or propriety of the trial court's action is a subject for review on appeal, not in proceedings for an extraordinary writ. *State ex rel. Gibson General Hospital* v. *Warrick Circuit Court* (1966), 247 Ind. 240, 214 N.E.2d 655; *State ex rel. Beverly Shores Hotel Corp.* v. *Fleisbein* (1953), 232 Ind. 549, 114 N.E.2d 642.

Since Shorter has made no showing that the trial court has exceeded its jurisdiction, the Petition for Writ of Prohibition is denied.