FREDDIE HENRY JOHNSON *v*. STATE OF INDIANA.

[No. 2-872A47. Filed August 23, 1973.]

*Harriette Bailey Conn, (Mrs.),* Public Defender of Indiana, *Carr L. Darden, Sr.,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Lynda F. Huppert,* Deputy Attorney General, for appellee.

## CASE SUMMARY

BUCHANAN, P.J.—This is a meritless appeal by Petitioner-Appellant Freddie Henry Johnson (Johnson) from denial of his Petition For Post-Conviction Relief pursuant to Rule PC. 1, claiming erroneous admission of certain evidence and incompetency of trial counsel at the court trial in which he was convicted of Robbery.

We affirm.

## FACTS

The facts and evidence most favorable to the State are:

On or about November 4, 1967, a robbery occurred at a United Oil Company gasoline service station in Indianapolis, Indiana. Larry Edwards (Edwards), the attendant on duty

at the service station, testified that Johnson and two other persons later identified as Fred B. Whitley (Whitley) and Curtis Thurman (Thurman) were the robbers.

Johnson was apprehended and charged by Affidavit on December 22, 1967, with the crime of Robbery. On February 9, 1968, Johnson pleaded not guilty and was tried by the court and found guilty.

At the trial, Johnson was positively identified as one of the robbers by Edwards and Officer Miles Timmons (Officer Timmons), an arresting officer. In addition, Whitley and Thurman, Johnson's co-defendants, both testified that Johnson was involved in the robbery and further that Johnson was carrying a gun during the robbery.

The State attempted to introduce, through the testimony of Officer Timmons, a coat allegedly worn by Johnson during the robbery. Objection was made for the reason that Officer Timmons was not the officer who recovered the coat. The objection was sustained. Later, however, the State succeeded in introducing the coat, without further objection, by virtue of the identification testimony of Whitley. He identified it in this manner:

"Q. I see. I will hand you what has been marked for identification as State's Exhibit Number Three and ask you if you can identify that?

A. Yes, I can.

Q. And what is this thing that is marked for identification as State's Exhibit Number Three.

A. What is it?

Q. Yes.

A. It's a all year round coat.

Q. All right. And who did it belong to, if you know?

A. Freddie Johnson.

Q. Freddie Johnson. Was he wearing it on the night when you went out to that filling station on Prospect and Keystone?

A. Yes, he was.

\* \* \*

Q. Mr. Whitley, you are absolutely sure you saw this coat on Freddie Johnson that night, November four, 1967?

A. I'm positive.

Q. And did you identify the coat by other than what you saw there, the looks of the coat?

A. Did I what?

Q. Did you identify it by any tags or anything by any name?

A. No, I'm just going by the color.

Q. Or are you just going by the looks of the coat?

A. No, I didn't, I'm just going by the color.

Q. You are absolutely sure that coat belong to Freddie Johnson.

A. I'm sure."

Through the testimony of Edwards and Thurman the State also attempted to introduce a gun purportedly used by Johnson during the robbery. Neither of these two witnesses, however, were able to positively identify the gun as the one used by Johnson during the robbery. The gun, therefore, was never admitted into evidence.

Johnson was never placed on the witness stand by his trial counsel (court-appointed) for purposes of refuting the testimony of Whitley and Thurman. During the Post-Conviction Hearing Johnson indicated that he did wish to testify at the trial and that he conveyed this desire to his trial counsel but that his trial counsel refused to permit him to so testify.

Johnson's Petition for Post-Conviction Relief pursuant to Rule PC. 1 was denied and this appeal was timely taken.

## ISSUES

ISSUE ONE.  Was the coat allegedly worn by Johnson during the robbery properly identified and linked to Johnson?

ISSUE TWO.   Did the unsuccessful attempts by the State to introduce the gun purportedly used by Johnson during the robbery so prejudice the trial court as trier of fact that Johnson was denied a fair trial?

ISSUE THREE.   Did Johnson's trial counsel demonstrate incompetency by failing to allow Johnson to testify on his behalf in the face of strong evidence against him?

As to ISSUE ONE, Johnson contends that the coat was not properly identified for the reason that Whitley did not identify the coat as belonging to Johnson nor did he identify it by brand name, identifying tags, or any other unique characteristics.

The State replies that the coat was properly identified as belonging to Johnson and further that Johnson has waived any error with regard to this issue for failure to make a proper objection at trial and for failure to cite authority in his brief.

As to ISSUE TWO, Johnson argues that the State committed prejudicial error by attempting to introduce into evidence a pistol purportedly used by Johnson during the robbery which it knew could not be identified by any of the State's witnesses. Johnson says that the purpose of these attempts to admit the gun was solely to inflame the passion of the trial court as trier of fact.

The State's answer is that Johnson has waived any error as to ISSUE TWO by failing to cite authority and further for failure to show precisely how attempted introduction of the pistol prejudiced any substantive right of Johnson.

As to ISSUE THREE, Johnson says he was denied adequate representation by counsel because he should have been permitted to take the witness stand to refute the damaging testimony against him.

The State denies this contention—solely a question of trial strategy.

## DECISION

ISSUE ONE.

CONCLUSION—It is our opinion that the coat allegedly worn by Johnson during the robbery was properly identified and admitted into evidence.

The essence of Johnson's position is that the coat introduced into evidence was not properly identified as belonging to him. The reverse is true.

The testimony of Whitley, a co-defendant, was that Johnson owned the coat and that he was absolutely sure he saw this coat on Johnson the night of the robbery. Excerpts from Whitley's testimony positively identify the coat and link it directly to Johnson and the robbery:

"Q. All right. And who did it belong to, if you know?

A. Freddie Johnson.

Q. Freddie Johnson. Was he wearing it on that night when you went out to that filling station on Prospect and Keystone?

A. Yes, he was.

\* \* \*

Q. Mr. Whitley, you are absolutely sure you saw this coat on Freddie Johnson that night, November four, 1967?

A. I'm positive."

While Whitley identified the coat only by color without testifying as to identifying tags, brand name, or unique aspects of the coat, lack of such further identifying characteristics affects only the weight and probative force of the coat as evidence and has no bearing upon its admissibility.

ISSUE TWO.

CONCLUSION—It is our opinion that attempts by the State to introduce the gun purportedly used by Johnson during the robbery did not so prejudice the trial court as trier of fact as to constitute reversible error.

Johnson fails to enlighten us either with authority or argument how he was prejudiced by the State's attempt to introduce the gun in question into evidence. There was testimony Johnson exhibited a gun during the robbery and legitimate efforts were made, unsuccessfully, to identify the gun in question. It is not urged that the attempts made were "evidentiary harpoons" within the meaning of *Brown* v. *State* (1972), 258 Ind. 412, 281 N.E.2d 801, and *Bonds* v. *State* (1972), 258 Ind. 241, 280 N.E.2d 313.

Even had there been prejudicial effect as speculated by Johnson, it would not necessarily constitute prejudicial error in a trial to the court without a jury. In *King* v. *State* (1973), 155 Ind. App. 361, 366, 292 N.E.2d 843, 846-47, it was said:

> "* * * it has long been held in Indiana that *harm arising from evidentiary error is lessened if not totally annulled when the trial is by the court sitting without a jury.* Shira v. State (1918), 187 Ind. 441, 119 N.E. 833.
>
> "What might very well constitute prejudicial error in the form of testimony given before a jury does not necessarily constitute prejudicial error in a trial to the court. It must be remembered that a trial judge is presumed to know the intricacies and refinements of the rules of evidence and that he sifts the evidence and weighs it in the light of his legal experience and expertise. * * * Rule TR. 61, IC 1971, 34-5-1-1." (Emphasis supplied.) See also *Guyton* v. *State* (1973), 156 Ind. App. 59, 299 N.E.2d 233.

ISSUE THREE.

CONCLUSION—It is our opinion that the failure of Johnson's trial counsel to call Johnson as a witness to testify on his own behalf in the face of strong evidence against him, did not constitute incompetency on counsel's part.

The presumption is that trial counsel discharged his duty fully and competently represented his client in all respects. *Schmittler* v. *State* (1950), 228 Ind. 450, 93 N.E.2d 184; *Shuemak* v. *State* (1970), 254 Ind. 117, 258 N.E.2d 158; *State* v. *Irvin* (1973), 259 Ind. 610, 291 N.E.2d 70; *Isaac* v. *State* (1971), 257 Ind. 319, 274 N.E.2d 231; *Conley* v. *State* (1972), 259 Ind. 29, 284 N.E.2d 803. In order to overcome the presumption of competency, it requires strong and convincing proof as to how trial counsel was incompetent.

In *State* v. *Irvin, supra,* at page 73, our Supreme Court put it this way:

"There is a presumption that defense counsel is competent, and this presumption can be overcome only if it can be shown that what the attorney did, or did not do, made the proceedings a mockery and shocking to the conscience of the Court. Robbins v. State (1971), 257 Ind. 273, 274 N.E.2d 255."

An appellate court will not second-guess trial counsel. Good faith errors in judgment or tactics present no question of incompetency. *Isaac* v. *State, supra; Shuemak* v. *State, supra.*

Johnson fails to advise us as to how his testimony might have militated in support of his innocence. *State* v. *Irvin, supra.*

The conjecture he submits fails to defeat the presumption by "strong and convincing proof" and certainly falls far short of making "the proceedings a mockery and shocking to the conscience of the Court." *State* v. *Irvin, supra.*

The judgment of the trial court is therefore affirmed.

Sullivan, J., concurs; White, J., concurs in result.

NOTE.—Reported at 300 N.E.2d 369.