Kenneth Ray GILLIAM, Appellant,

v.

STATE of Indiana, Appellee.

No. 484S151.

Supreme Court of Indiana.

July 1, 1986.

John F. Surbeck, Jr., Deputy Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

Appellant received a trial by jury and was convicted of voluntary manslaughter, a class B felony, I.C. § 35–42–1–3. He was also found to be a habitual offender, pursuant to I.C. § 35–50–2–8. The sentence provided for a fixed term of ten years on Count I, voluntary manslaughter, and an additional term of thirty years on Count II, the habitual offender count. The order for separate sentences is error, and this case is remanded for imposition of an enhanced sentence for the manslaughter conviction. *Yager v. State* (1982), Ind., 437 N.E.2d 454.

Appellant bases his appeal on two grounds, namely (1) that the evidence was insufficient to convict because it failed as proof of the requisite state of mind, and for the crime of manslaughter, (2) that the trial court erred in denying credit upon the sentence for pre-trial detention.

I

Manslaughter and murder are both homicides in which the act of killing is done knowingly or intentionally. Manslaughter is the lesser crime because the act occurs while the actor is under sudden heat. I.C. § 35–42–1–1. I.C. § 35–42–1–3. Sudden heat is not an element of manslaughter upon which the prosecution bears the burden of proof. *Anthony v. State* (1980), 274 Ind. 206, 409 N.E.2d 632. Sudden heat is instead a mitigating factor.

Appellant was charged by information with having knowingly killed one John Trammell by driving against him and hitting him with the car while under a sudden heat. It was therefore sufficient under this charge for the prosecution to prove

that appellant was aware of a high probability that he was driving his car into Trammell and that injury would result. I.C. § 35–41–2–2(b). *Brown v. State* (1983), Ind., 443 N.E.2d 316. It was not required of the prosecution that it prove that he held a conscious objective in mind to drive his car into Trammell and to produce death. Appellant contends that the prosecution failed to produce sufficient evidence of the appropriate state of mind.

■ In the nature of things, a state of mind, is a condition which must be inferred from circumstantial evidence. "Direct statements of an assailant, circumstances in which the killing took place, and the method of killing are common types of evidence which tend to establish state of mind." *McKinstry v. State* (1975), 264 Ind. 29, 338 N.E.2d 636. The evidence tending to support the inference of a knowing act of killing shows that appellant and the victim got into an argument at a party they were attending. They began fighting in the parking lot outside. Appellant had been drinking and was under the influence of alcohol. When appellant managed to get the victim down, he began kicking the victim in the head. Appellant then ran to his car and drove it around the small parking area and back over the spot where the fight had occurred at a high rate of speed. The victim was in a crouched position, dragging himself up off the ground when he was struck by the front bumper and grill of the car and the car continued on out of the parking area. The lights on the car were on and the impact area was partially illuminated from a light at the adjacent building and a street light from the nearby street. Appellant returned to the area a few minutes later and rendered aid in conjunction with others to the injured victim. The victim died as a result of the injuries suffered in the incident. This was evidence from which a reasonable trier of fact could conclude to a moral certainty beyond a reasonable doubt that appellant knowingly killed the victim. Proof having such qualities is sufficient on appeal. *Smith v. State* (1970), 255 Ind. 1, 260 N.E.2d 559.

Appellant was confined in jail a period of one hundred eighty five (185) days between his arrest on May 10, 1983, on this manslaughter charge and his later sentence on this manslaughter charge. In the sentencing order the trial court declared that there would be ".. no credit for time served in jail since the defendant was served a parole violation warrant on May 10, 1983, the same date upon which he was incarcerated with regard to this offense .." Appellant now contends that he was erroneously denied this credit on this manslaughter sentence.

■ In *Duncan v. State* (1980), 274 Ind. 957, 412 N.E.2d 770, this court concluded that where a defendant is held as a result of two separate charges, he is entitled to one credit for the time so held but not two. The record before us provides no basis upon which to discern whether or not appellant has received one credit for his pretrial detention. Here as in *Duncan* there is no allegation that the benefit of such credit has not been received. Consequently, this appeal provides no basis upon which to reliably require the sentencing court to grant a credit against this manslaughter sentence.

The conviction is affirmed, however the cause is remanded for imposition of a single enhanced term for the manslaughter conviction.

GIVAN, C.J., and PIVARNIK, SHEPARD and DICKSON, JJ., concur.