## MOORE *v.* FRANKLIN ET AL.

[No. 17,786. Filed June 16, 1896.]

APPEAL.—*All Parties to Judgment Must be Made Parties to Appeal.*—All parties to a judgment must be made parties in the assignment of errors on an appeal therefrom, or the appeal will be dismissed.

From the Monroe Circuit Court. *Dismissed.*

*W. A. Pickens,* for appellant.

*W. Hickam,* for appellees.

HOWARD, J.—The appellant brought this action for damages against the appellees, William M. Franklin, Adoniram J. Curtis, James F. Lawson, Willis Hickam,

John N. Hurty, and James W. Archer; also Jacob Coble, not made a party to the appeal. The action was upon a contract, alleged to have been entered into between the parties, according to which the said defendants, who were engaged in forming a sanitarium company for the puropse of utilizing an artesian well at Spencer, in Owen county, agreed that if the appellant should take $5,000.00 of the capital stock of the company the board of directors would appoint him superintendent of the sanitarium at a salary of $100.00 per month for five years. The company was duly formed; but it is alleged that the defendants failed and refused to carry out the contract with appellant, although he was at all times ready to perform his part therein. The company afterwards became insolvent. The demand is for $12,000.00.

The defendants, excepting James W. Archer, but including the said Jacob Coble, filed an answer in five paragraphs; and also filed a cross-complaint, in which a detailed history is set out of matters relating to the artesian well and the sanitarium company. In this cross-complaint, the corporation formed by the parties, called the Spencer Mineral Springs and Sanitarium Company, is brought in as a defendant, and the court is asked to have the contract in suit reformed so as to show that the agreement entered into was solely between the appellant and the sanitarium company, and not between appellant and the defendants to the complaint.

The company appeared and answered to the cross-complaint. The appellant also filed his answer to the cross-complaint.

The court made a special finding of the facts, finding them substantially as set out in the cross-complaint; and also found conclusions of law in favor of appellees.

The judgment and decree entered upon the findings and conclusions of law is as follows:

"It is now ordered, adjudged, and decreed by the court that the plaintiff take nothing by his action herein. It is further ordered by the court that the within instrument, mentioned in the complaint and cross-complaint herein, be reformed to make it the contract of the Spencer Mineral Springs and Sanitarium Company with the plaintiff, and not the contract of William M. Franklin, Adoniram J. Curtis, James F. Lawson, Willis Hickam, John N. Hurty, Jacob Coble, or either of them; and that as to said parties and each of them, the same be cancelled and declared null and void. It is further ordered that the said answering defendants recover of the plaintiff their costs and charges herein laid out and expended."

Numerous errors are assigned by appellant for our consideration; but we are first met by the motion of appellees to dismiss the appeal for failure of appellant to make all the parties to the judgment, parties to this appeal.

It will be noticed that the judgment of the court was in favor of the cross-complainants, naming Jacob Coble as one of them. The judgment was also against the appellant and against the Spencer Mineral Springs and Sanitarium Company, reforming the contract sued on as against that company. Neither the sanitarium company, however, nor Jacob Coble is made a party to the appeal in the assignment of errors.

It is said, by counsel for appellant, that the whole record shows that Jacob Coble has no interest in the judgment, and therefore that he is not a proper party. An examination of the record does not enable us to come to this conclusion; but even if it did, we do not

think that would justify us in overlooking the omission of his name as a party to the judgment, a party, too, who is actually named by the court in its decree. The statute, and the rules of this court, require that all those that are parties to the judgment must be made parties to the appeal, and given notice of such appeal that they may protect any rights they may have in the judgment or against it. Counsel do not give any reason for omitting the sanitarium company from the assignment of errors. Yet, if this appeal should prevail, we should have the anomaly of a judgment reversed as to all the defendants except Jacob Coble, and yet the same judgment standing as to said Coble and the sanitarium company. The law provides for one appeal, and that all the parties shall have the right to participate in it if any do. The appeal cannot be so split up.

In *Gourley* v. *Embree*, 137 Ind. 82, it was said: An appellant "cannot have a lawsuit by himself, nor can he select from the parties to the final judgment such as he chooses to name, and omit the others. He must name all who are affected by the judgment appealed from. If he has not done so, the assignment of error will be held unavailing whenever the defect is brought to the notice of the court. Elliott's App. Proced., section 401; *Braden* v. *Leibenguth*, 126 Ind. 336." See also *Holloran* v. *Midland, etc., R. W. Co.*, 129 Ind. 274; *Brown* v. *Trexler*, 132 Ind. 106; *Gregory* v. *Smith*, 139 Ind. 48; *Lilly* v. *Somerville*, 142 Ind. 298, and numerous authorities cited in those cases.

The appeal is dismissed.