## BRUCE *v.* MYERS ET AL.

### [No. 5,511.   Filed March 7, 1905.]

1. JUDGMENT.—*Joint.*—A judgment reading, "It is therefore considered, ordered, adjudged and decreed by the court that the plaintiff * * * take nothing by her action and that defendants recover of and from the plaintiff their costs," is joint.   p. 664.

2. APPEAL AND ERROR.—*Parties.—Joint Judgment.*—Where a joint judgment is rendered in favor of three defendants, and plaintiff takes an appeal and makes but two of the defendants parties, such appeal will be dismissed.   p. 665.

3. SAME.—*Defective Parties.—Discharge in Bankruptcy.*—Because a defendant was discharged in bankruptcy is no excuse for a failure to include such defendant as a party on appeal where the judgment rendered in the cause was joint as to all defendants.   p. 665.

4. SAME.—*Motion to Dismiss.—Notice.—Waiver.*—Where appellant appears to a motion to dismiss the appeal, and files a brief against the granting of such motion, such appellant can not complain because the notice of such motion fixed no time for the hearing of the same ; nor because the motion had no proof of service attached ; nor that one of its specifications was unverified.   p. 666.

From Superior Court of Marion County (62,654) ; *James M. Leathers,* Judge.

Action by Margaret Bruce against David A. Myers and others.   From a judgment for defendants, plaintiff appeals.   *Dismissed.*

*Woodburn Masson,* for appellant.
*Lecklider & Myers,* for appellees.

COMSTOCK, C. J.—Appellant sued Samuel R. Waters, as principal, and appellees David A. Myers and Isaac Russell, as sureties, on a builder's bond.   Waters filed a separate answer, and, with Myers and Russell, a joint answer to the complaint.

1.   The cause was put at issue by the reply of appellant to the separate answer of Waters, and to the joint answer of Waters, Myers and Russell.   The trial resulted in a judgment in favors of Waters, Myers and Russell against Mar-

garet Bruce for costs.   The judgment is in the following
language: "It is therefore considered, ordered, adjudged
and decreed by the court that the plaintiff, Margaret Bruce,
take nothing by her action herein, and that the defendants
recover of and from the plaintiff their costs and charges
herein paid, laid out and expended, taxed at $......"
This judgment was joint in favor of all the defendants.

2.   From this judgment Margaret Bruce appeals, with-
out making Waters a party to the appeal.   For this reason
appellees move to dismiss the appeal.   It is a well-estab-
lished rule in appellate proceedings that all the parties to
and affected by the judgment appealed from must be
actually or constructively included in the appeal.   The rule
is founded upon the principle that those only before the
Appellate Court are bound by the appeal.   Without this
rule, two or more appeals might be had from the same judg-
ment, and with only limited jurisdiction over the subject-
matter of the appeal.   *Hunderlock* v. *Dundee Mortgage,
etc., Co.* (1882), 88 Ind. 139; *Paxton* v. *Tyler* (1898), 20
Ind. App. 455;   Elliott, App. Proc., §138;   *Bozeman* v.
*Cale* (1894), 139 Ind. 187;   *Moore* v. *Franklin* (1896),
145 Ind. 344;   *Gurley* v. *Embree* (1894), 137 Ind. 82;
*Capital Nat. Bank* v. *Reid* (1900), 154 Ind. 54;   *McClure*
v. *Shelburn Coal Co.* (1897), 147 Ind. 119.

3.   Appellant opposes the motion to dismiss the appeal,
upon the ground that Waters is not a necessary party to the
appeal, because (a) during the trial below the parties, in-
cluding these appellees, agreed in open court that said
Waters, defendant below, had been released by a proper
discharge in bankruptcy for all liability on the bond in suit
prior to the institution of the suit;   (b) the judgment was
several as to the defendants.   The form of the judgment
hereinbefore set out shows it to be joint.   Waters, in a sep-
arate answer to the complaint, pleaded his discharge in bank-
ruptcy.   In a joint paragraph of answer Waters, Russell
and Myers alleged that there was no consideration to sup-

port the execution of the bond in suit. The cause was tried upon all the issues. It resulted as heretofore stated. The purport of appellant's argument is that Waters is without interest, by reason of his discharge in bankruptcy. The same point was made in *Moore* v. *Franklin, supra.* We quote from the opinion at page 346: "It is said, by counsel for appellant, that the whole record shows that Jacob Coble has no interest in the judgment, and therefore that he is not a proper party. An examination of the record does not enable us to come to this conclusion; but even if it did, we do not think that would justify us in overlooking the omission of his name as a party to the judgment, a party, too, who is actually named by the court in its decree." There is no escape from the conclusion that Waters is affected by the judgment appealed from, and should be a party to the appeal.

4. Appellant claims that the motion to dismiss is not well taken: (1) Because the notice served on appellees does not comply with rule fifteen of this court, in that it does not state the time fixed for its hearing; (2) because no notice with proof of service was attached to the motion when the latter was presented to the clerk for filing; (3) the third specification of the motion is not accompanied by any verification as required by rule fourteen of this court. These objections are all fairly disposed of by the fact that appellant has appeared to the motion and filed her brief in opposition thereto, and she has not in any way been deprived of any right or been prejudiced by the manner of the presentation of the motion.

Appeal dismissed.