W. J. & M. S. VESEY *v.* HILLMAN ET AL.

[No. 19,657. Filed May 6, 1964. Rehearing denied June 3, 1964. Transfer denied October 3, 1966.]

*David S. Vesey*, of Fort Wayne, and *Bowen, Myers, Northam & Givan*, of Indianapolis, for appellant.

*J. A. Bruggeman* and *Otto E. Grant, Jr.*, of Fort Wayne, for appellees.

PFAFF, J.—W. J. and M. S. Vesey, an Indiana corporation, appellant herein, brought an action in the court below to recover damages against the appellees, Lee H. Hillman and Raymond W. Cassady, partners doing business as Hillman China Company, who were successor lessors on a certain written lease in which the appellant was lessee. In addition, the complaint sought damages for the intentional procurement of the breach of a contract originally entered into with the predecessor lessor by the appellees herein alleging that such contract contained an obligation to allow appellant lessee to bid on the leased premises if and when such premises were sold. Other defendants were joined with the appellees and, in addition, damages were sought for the failure to keep the exterior walls, the roofs, the gutters and the downspouts in

repair during the term of the lease, as well as damages for parking fees due and owing to appellant for the parking of cars by appellees on appellant's parking lot.

There was no trial on the merits in the court below. The court sustained the appellees' motion to dismiss plaintiff's third amended first paragraph of complaint and second amended second paragraph of complaint, and by its final judgment the court sustained appellees' motion for judgment and that plaintiff take nothing by its complaint. The court's action constituted an involuntary dismissal of the cause.

The errors assigned for reversal present for our consideration whether or not the court erred in involuntarily dismissing appellant's third amended first paragraph of complaint and second amended second paragraph of complaint and in sustaining appellees' motion for judgment.

The question is also presented as to whether or not the amended paragraphs of complaint which were pending at the time the court sustained the motion to dismiss and entered judgment in favor of the defendants constituted new and different causes of action when compared with the original complaint. However, an examination of the pleadings clearly discloses that there was no change of theory in the cause of action and that both the original pleadings and the pleadings upon which the court's ultimate decision was made constituted the identical cause of action stated in the outset of this opinion.

An additional question presented on the briefs is whether there was error in the action of the court in overruling appellant's motion for a default following the failure of appellees to answer for more than a year after the court's rule certain against the appellees to answer the appellant's paragraphs of complaint and whether the court erred in ordering a tender of an amount admittedly due to the appellant and thereafter dismissing the complaint without rendering judgment for such amount for appellant.

The appellees in this cause filed original and supplemental motions to dismiss or affirm the judgment of the lower court, and the rulings thereon have been withheld pending the final determination of this cause.

The appellant filed amended briefs, and while there is much surplusage in the original briefs, the amended briefs considered in the light of the application of the Rules of the Supreme Court in regard thereto, including Rule 2-17, disclose that a good faith effort and a substantial compliance with the rules as to the preparation of briefs have been made, so that under the rules, and with full consideration thereof, the court is fully able to understand the various points made and the various assignments with authorities in regard thereto, and therefore we are constrained to hold that the briefs are sufficient. *Pierce* v. *Clemens* (1943), 113 Ind. App. 65, 46 N. E. 2d 836; *Linville* v. *Chenoweth* (1945), 115 Ind. App. 355, 59 N. E. 2d 129; *Kist* v. *Coughlin* (1944), 222 Ind. 639, 57 N. E. 2d 199, 57 N. E. 2d 586.

The appellees in their supplemental motion to dismiss or affirm have asserted that the assignment of errors in the amended brief is fatally defective in that it fails to name either as a party appellant or a party appellee Jerry Ress and Bernard Ress, who are parties to the counter-claim in two paragraphs against appellant, and that the brief is further defective in failing to name as party appellee all the various defendants before the court below. The appellees also raise the question as to defendant Charles H. Buesching, President of the bank. The record shows, and the appellant's brief herein shows, that Charles H. Buesching was, in fact, one of the defendants at the beginning of the case, but it equally well appears that Charles H. Buesching was not a party to the judgment ultimately rendered in the trial court and the cause was dismissed as against him. It clearly appears that the appellees were the only parties de-

fendant in the case at the time the judgment and decision in the case was rendered. Appellees rely upon the cases of *Baugher et al* v. *Hall, Receiver, etc.* (1958), 238 Ind. 170, 147 N. E. 2d 591, and *Jasper & Chicago Mtr. Exp.* v. *Ziffrin Truck Lines* (1961), 132 Ind. App. 235, 172 N. E. 2d 586, 241 Ind. 643, 175 N. E. 2d 20, 177 N. E. 2d 338. From an examination of these cases and the case of *Moore* v. *Franklin et al.* (1896), 145 Ind. 344, 44 N. E. 459, the rule seems to be well established that all persons who are parties to the judgment must either be named as appellants or as appellees on appeal, and it clearly appears that in the instant case that all the parties who were parties to the judgment have been made parties on appeal, and the rule has not been extended to cover all persons who may have been parties during some process of the case below but were not parties to the final judgment. The persons Jerry Ress and Bernard Ress at one stage in the proceedings in the court below were parties to a certain cross-complaint and the counter-claim. However, such cross-complaint and counter-claim were withdrawn on the 24th day of February, 1958, and the final judgment herein in the court below was not rendered until the 8th day of May, 1961, and, therefore, these persons were not parties to the judgment in the court below nor proper parties as appellant or appellee in this court.

The law is settled that dismissal as to certain defendants did not discharge the appellees. *Parry Mfg. Co.* v. *Crull* (1914), 56 Ind. App. 77, 101 N. E. 756; *Pike County Coal Co.* v. *Farrabee, Admx.* (1923), 79 Ind. App. 210, 137 N. E. 680.

This court, therefore, holds that the original motion to dismiss or affirm the judgment and the supplemental motion are without merit and the same are overruled.

The appellees urge that inclusion of the first and original complaint is improper for the reason that it had been amended

prior to final judgment. A list of authorities is presented, all of which declare that an amended pleading takes the place of a former pleading. There is no quarrel with this doctrine and that judicial decision must flow from an examination of the final pleadings. Nevertheless, the command of § 2-3104, Burns' 1946 Replacement, is equally compelling on this court. The praecipe for transcript below asked for a complete copy of all papers, and the clerk in obedience to this as well as statutory mandate (§ 2-3104, Burns', supra) made and included a complete copy. The language of the statute is clear that "Every pleading . . . filed or offered to be filed . . . whether received by the court, refused or stricken out, . . . shall be a part of the record. . . ." Application of the well-established rule requiring a decision on ultimate pleadings does not and should not interfere with the frequent duty to examine earlier pleadings in order to determine whether or not there has been a change in the theory of the cause of action respecting which the running of the statute of limitations might have some bearing.

Appellees further argue that there could not be a third amended first paragraph of complaint since at one stage of the proceedings there was a voluntary dismissal of the original third paragraph of complaint. Demurrers addressed to the original complaint were sustained and the plaintiff given time to plead over. Pursuant to the order the plaintiff filed new paragraphs of complaint. The new allegations stand for themselves and are independent of earlier rulings.

The third amended first paragraph of complaint, which sought to recover from the appellees upon their alleged obligation to keep the premises in repair, and the second amended second paragraph of complaint, which sought damages from the appellees for the intentional procurement of the breach of a contract with the lessor to allow appellant to bid on the leased premises, if and when sold, are allegations which, if true, state a good cause of

action and are not subject to a motion to dismiss. Therefore, the trial court was in error in involuntarily dismissing plaintiff's cause of action and rendering judgment in favor of the appellees following the sustaining of the motion to dismiss plaintiff's third amended first paragraph of complaint and second amended second paragraph of complaint. In addition, at the time of the involuntary dismissal and nonsuiting of plaintiff, there was filed and before the court appellant's fifth paragraph of complaint in which appellant sought to recover parking fees due for parking appellees' cars on appellant's parking lot, which appellees had admitted to be due by its answer and which the court ordered paid to appellant, but failed to include same in the final judgment or to render judgment therefor in favor of the appellant.

While by reason of the decision herein it is not necessary for us to determine whether the trial court abused its discretion in not requiring appellees to file answer for more than a year after the court's rule absolute to answer, the action of the court in this regard suggests a pattern of rulings which prevented the case from coming to issue.

Other questions suggested by appellees for the first time on appeal not having been presented to the trial court cannot now be urged on appeal.

For the reasons given herein the judgment is reversed with instructions to the trial court to reinstate appellant's third amended first paragraph of complaint, second amended second paragraph of complaint and appellant's fifth paragraph of complaint, and for further proceedings not inconsistent herewith.

Hunter, P.J., Kelley and Mote, JJ., concur.

NOTE.—Reported in 198 N. E. 2d 233.