844 N.E.2d 555 (2006)
In re the GUARDIANSHIP OF M.K.
Larry Keller, Appellant-Petitioner,
v.
Kathy Keller, Appellee-Respondent.
No. 89A05-0502-CV-105.
Court of Appeals of Indiana.
March 29, 2006.
*556 Robert J. Palmer, South Bend, Tracey A. Anderson, Granger, for Appellant.
E. Thomas Kemp, Richmond, for Appellees.

OPINION
HOFFMAN, Senior Judge.
Petitioner-Appellant/Cross-Appellee Larry Keller ("Larry") appeals from the portion of the trial court's order denying him an award of attorney's fees in a guardianship proceeding involving M.K. Respondent-Appellee/Cross-Appellant Kathy Keller ("Kathy") appeals from the portion of the trial court's order voiding a durable power of attorney in favor of Kathy, and the portion of the trial court's order appointing Larry as guardian of the estate of M.K.
On February 26, 1996, M.K., Larry and Kathy's mother, executed a written power of attorney naming Kathy as her attorney in fact. Sometime in 2001, Kathy consulted with a physician and decided to move M.K. to a care facility. In 2003, Kathy made a decision to sell the family farm owned by M.K. Kathy set up a meeting with her living siblings, and her deceased brother's son, to discuss the sale of the farm to provide funds for M.K.'s care. The siblings disagreed about the sale of the farm. However, the farm was auctioned and sold on December 17, 2003.
Larry requested an accounting from Kathy of the expenditure of M.K.'s money since Kathy took over those matters for their mother. Larry was not successful in obtaining the information from Kathy.
Larry filed a petition for appointment of guardian for incapacitated person, M.K. On March 4, 2004, the trial court entered an order appointing a guardian ad litem for M.K. A hearing on the petition for guardianship was originally scheduled for April 5, 2004. Kathy filed a motion for continuance of the hearing date, and requested that a pretrial conference be held on that date instead. Kathy also filed a motion to dismiss the petition. The trial court granted the motion to continue, and held a pretrial conference on April 5, 2004. The trial court ordered Kathy to provide an accounting of M.K.'s estate.
On September 17, 2004, Larry filed a rule to show cause because Kathy did not timely file the accounting ordered by the trial court. The matter was scheduled for a telephonic hearing on October 27, 2004. The trial judge determined during the telephonic hearing that the issues could not be addressed by phone and scheduled the guardianship hearing for December 14, 2004.
Kathy filed a motion requesting that costs, attorney's fees and guardian ad litem's fees be assessed to Larry, and not be paid by funds from M.K.'s estate. Larry filed a motion for costs, attorney's fees, and guardian ad litem fees to be assessed *557 to Kathy, or to be paid from M.K.'s estate. Kathy filed another motion to dismiss.
On December 10, 2004, Kathy filed a motion to continue the hearing. The trial court denied the motion and the hearing began on December 14, 2004. The hearing was completed on December 30, 2004, at the conclusion of which the trial court took the matter under advisement. However, the trial court did enter rulings on some pending issues at the conclusion of the hearing. First, the trial court voided the power of attorney from M.K. to Kathy. The trial judge also indicated that he was denying any cross-claims for attorney's fees.
On January 5, 2005, the trial court granted the petition for guardianship, appointing Larry as the guardian of the estate, and Kathy as the guardian of the person. On January 13, 2005, the trial court entered an additional order denying the requests for attorney's fees. Larry filed a notice of appeal. Kathy filed a motion to correct error on February 11, 2005. Larry filed a statement in opposition to the motion to correct error, again requesting that the trial court award him attorney's fees for the guardianship proceedings. The motion to correct error was denied on February 16, 2005. In the trial court's order, the judge explained that he was denying an award of attorney's fees from M.K.'s estate because the judge concluded that the expense could have been avoided had M.K.'s children made a better attempt to resolve the issues among themselves. M.K. died on April 7, 2005.
Larry argues that the trial court committed reversible error by declining to award attorney's fees after granting the guardianship petition filed by Larry. Larry contends that this matter should be remanded to the trial court for an award of attorney's fees at both the trial and appellate levels because the statute requires the payment of reasonable attorney's fees once the guardianship petition has been granted. Kathy claims that the trial judge properly exercised his discretion by denying the request for payment of fees.
The trial judge's rationale in refusing to award the attorney's fees can be found in his comments at the conclusion of the hearing on December 30, 2004, in his order dated January 13, 2005, and in his memorandum denying Kathy's motion to correct error. The trial judge's reasons are as follows:
Okay, let me indicate to the attorneys. It's not likely that I'm going to authorize the depletion of the assets of the prospective ward's estate for purposes of paying the parties or their respective attorneys for pursuing the present litigation in any appreciable amount. So the parties are going to pretty much be responsible for their own attorney's fees.
Appellant's App. p. 12.
The Court's entry of January 5, 2005 did not address the issue of attorney fees for the reason that issue was addressed in open Court. The motions for attorney fees are denied.
Appellant's App. p. 11.
The Court was aware that counsel would be disappointed if the guardianship estate of [M.K.] was not ordered to pay attorneys' fees. But it is the Court's conclusion that the children of the ward could have avoided incurring considerable expense had they cooperated and communicated better in an attempt to resolve the issues of their mother's guardianship. The Court has determined that the depletion of [M.K.'s] estate by the fees incurred by her children would constitute an injustice to her.
Appellant's App. p. 86.
Ind.Code § 29-3-9-9(a) provides as follows:

*558 Whenever a guardian is appointed for an incapacitated person or minor, the guardian shall pay all expenses of the proceeding, including reasonable medical, professional, and attorney's fees, out of the property of the protected person. (emphasis supplied).
The first step in interpreting a statute is to determine whether the legislature has spoken clearly and unambiguously on the point in question. City of North Vernon v. Jennings Northwest Regional Utilities, 829 N.E.2d 1, 4 (Ind.2005). When a statute is clear and unambiguous, we need not apply any rules of construction other than to require that words and phrases be taken in their plain, ordinary, and usual sense. Id. Indiana case law presumptively treats "shall" as mandatory unless it appears clear from the context or the purpose of the statute that the legislature intended a different meaning. Sholes v. Sholes, 760 N.E.2d 156, 159 (Ind.2001). Therefore, the clear and unambiguous language of the statute requires the payment of attorney's fees upon the trial court's decision to grant the petition for guardianship. The trial court erred by failing to award attorney's fees.
Kathy is correct that the trial court's decisions under the guardianship statutes are reviewed for an abuse of discretion. See Ind.Code § 29-3-2-4. However, the discretion exercised by trial courts under Ind.Code § 29-3-9-9(a) has to do with the determination of what is a reasonable attorney fee. The trial court does not have the discretion to determine whether to allow payment of attorney's fees.
In the case at bar, the trial judge was concerned about depleting M.K.'s estate by ordering payment of attorney's fees from the estate given the apparent lack of cooperation among family members. While the decision to forego payment of any attorney's fees was error, on remand the trial judge can adjust the attorney's fees award to reflect a reasonable amount if necessary to prevent depletion of M.K.'s estate. But the trial judge is mandated by statute to order the payment of reasonable attorney's fees.
The trial court may consider several factors when determining the value of attorneys fees rendered in guardianship proceedings. Those factors include:
the labor performed, the nature of the estate, the difficulties encountered in recovering the estate's assets, settlements in the estate, the peculiar qualifications of the guardian and attorneys, the faithfulness and care of the guardian and attorneys, and all other factors necessary to aid the court in a consideration fair to the estate and reasonable for the guardian and attorneys.
In re Guardianship of Hickman, 811 N.E.2d 843, 851 (Ind.Ct.App.2004)(quoting In re Wickersham, 594 N.E.2d 498, 501 (Ind.Ct.App.1992)).
Kathy raises the issue of the propriety of the trial judge's decision to void the power of attorney. She also challenges the trial judge's decision to appoint Kathy guardian of the person and Larry guardian of the estate.
Larry argues that the issues Kathy raises in her cross-appeal are moot. Kathy cites no authority for her contention that M.K.'s death had no effect on the cross-appeal issues she raises.
It is well settled by case law that the death of a ward following a judgment for the appointment of a guardian presents only a moot question. See Conaway v. Conaway, 134 Ind.App. 429, 188 N.E.2d 846, 847 (Ind.Ct.App.1963); Powell v. Powell, 107 Ind.App. 396, 22 N.E.2d 896, 896 (Ind.Ct.App.1939); Bell v. McCain, 98 Ind. *559 App. 68, 188 N.E. 378, 378 (Ind.Ct.App. 1934).
In Powell, the question presented on appeal was whether the trial judge erred by overruling objections to testimony of witnesses regarding the potential ward's soundness of mind. This court held that it would not pass on the admissibility of the evidence below, because it would serve no purpose in light of the death of the ward. 22 N.E.2d at 896. The issue was moot. Id.
In the present case, Kathy's arguments are 1) that the trial court failed to give proper consideration or weight to the existing power of attorney, and that there was insufficient evidence in the record to support the trial judge's decision to grant the petition, and 2) that the trial court erred by failing to give proper weight to M.K.'s wishes to have Kathy appointed guardian if necessary. Here, as in Powell, it would serve no purpose in light of M.K.'s death to pass on the sufficiency of the evidence presented below in the hearing on the petition to establish a guardianship. Kathy's cross-appeal issues are moot.
Therefore, we remand this matter to the trial court for a determination of what constitutes a reasonable attorney's fee. We do not decide Kathy's cross-appeal issues because they present moot questions.
Reversed and remanded.
MAY, J., and ROBB, J., concur.