Timothy–Patrick TREACY,
Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 49A02–1010–CR–1254.

Court of Appeals of Indiana.

Aug. 26, 2011.

Paul K. Ogden, Roberts & Bishop, Indianapolis, IN, Attorney for Appellant.

Victoria L. Bailey, Marion County Public Defender Agency, Indianapolis, IN, Attorney for Marion County Public Defender Agency.

## OPINION

BRADFORD, Judge.

In this somewhat unusual appeal, attorneys Paul Ogden and Patrick Stern ostensibly contend that the trial court erred in

failing to provide Defendant Timothy–Patrick Treacy with representation at public expense. We conclude, however, that the true issue in this appeal has arisen from a fee dispute between Ogden and Stern and the Marion County Public Defender Agency ("the MCPDA"), none of whom is a proper party to this appeal. Concluding that we lack subject matter jurisdiction over this appeal, we dismiss.

## FACTS AND PROCEDURAL HISTORY

On August 26, 2006, the State charged Treacy with Class A misdemeanor operating a vehicle while intoxicated ("OWI"), Class C misdemeanor operating a vehicle with a blood alcohol concentration ("BAC") of greater than 0.08 but less than 0.15, Class B misdemeanor public intoxication, Class D felony OWI with a prior conviction, and Class D felony operating a vehicle with a BAC of greater than 0.08 but less than 0.15. On July 31, 2009, a jury found Treacy guilty as charged. On September 9, 2009, the trial court sentenced Treacy to an aggregate sentence of 545 days of incarceration, with 455 suspended to probation, for Class B misdemeanor public intoxication and Class D felony OWI with a prior conviction. (Appellant's App. 38–39). On September 8, 2010, this court affirmed Treacy's convictions, which he challenged on the basis that they violated his right to be tried within one year of being charged. *Treacy v. State,* Cause No. 49A02–0910–CR–1031, 2010 WL 3496797 (Ind.Ct.App. September 8, 2010). Neither Treacy's sentence, convictions, nor any collateral attacks thereto are the subject of this appeal.

Meanwhile, on January 20, 2009, Stern filed his appearance for Treacy. At some point Ogden became involved as well, although the record indicates that he never filed an appearance in the trial court. During a pretrial conference on July 14, 2009, Stern indicated that he was not being paid for his representation of Treacy and requested that the trial court appoint him to represent Treacy and order the county to pay his fee, which request the trial court refused. Nevertheless, Stern represented Treacy at his trial on August 27, 2009. On October 7, 2009, Ogden and Stern filed a petition to order the county to pay their fees, to which the MCPDA objected. Ultimately, the trial court denied Ogden's and Stern's petition for attorney's fees. In an appeal in which Treacy seems to have no involvement, Ogden and Stern challenge the trial court's denial of their petition for fees.

## DISCUSSION AND DECISION

Although this appeal is styled as a challenge to the trial court's denial of Treacy's request for counsel at public expense, no such denial is actually claimed.[1] This appeal is, in fact, an appeal prosecuted by Ogden and Stern on their own behalf in an attempt to have the MCPDA reimburse them for representing Treacy. Neither Ogden, Treacy, nor the MCPDA, however, were parties below, and, as such, cannot be proper parties to an appeal from Treacy's conviction. The Indiana Rules of Appellate Procedure provide that "[a] party of record in the trial court or Administrative Agency shall be a party on appeal." Ind. Appellate Rule 17(A). When read together with the other appellate rules, the only reasonable reading of Rule 17 is that it limits the class of parties on appeal to

---

1. Even if this claim *had* been made, it would have been waived for appellate review, as it was not raised in Treacy's first direct appeal. "If an issue was known and available, but not raised on direct appeal, it is waived." *Timberlake v. State,* 753 N.E.2d 591, 597 (Ind. 2001).

parties of record in the trial court. There are, for example, no appellate rules providing for intervention in an appeal. This interpretation is also consistent with our case law. In *W.J. & M.S. Vesey v. Hillman*, 139 Ind.App. 363, 367, 198 N.E.2d 233, 235 (1964), we concluded, in a case where two persons named as parties in the appeal had only been named in a cross-complaint and counter-claim which had been withdrawn before judgment, that "these persons were not parties to the judgment in the court below nor proper parties as appellant or appellee in this court." Neither Ogden, Stern, nor the MCPDA was a party to the judgment below, and they are therefore not proper parties to this appeal.[2]

■ Even if we were otherwise inclined to dispose of an appeal lacking proper parties, we conclude that this lack deprives us of subject matter jurisdiction over this appeal and so cannot. Pursuant to Appellate Rule 5, we have jurisdiction over appeals from final judgments of and interlocutory appeals from trial courts, neither of which applies here. Although a final judgment "disposes of all claims as to the parties[,]" App. R. 2(H)(1), and the trial court's order seems to have disposed of all claims between Ogden and Stern and the MCPDA, none of them was a party. Moreover, because the trial court's order did dispose of all claims, it cannot have been the subject of an interlocutory appeal. As such, we lack subject matter jurisdiction over this appeal and so must dismiss the appeal *sua sponte*. *See Young*

*v. Estate of Sweeney*, 808 N.E.2d 1217, 1221 (Ind.Ct.App.2004).

We think it desirable to further address our concerns with Ogden's and Stern's attempt to litigate their fee dispute with the MCPDA in the context of Treacy's criminal case. As previously mentioned, neither Ogden, Stern, nor the MCPDA was a party below. Furthermore, it seems clear that none of them could have become a proper party to the criminal action below, even by using the proper intervention procedure in the trial court, which, of course, none did. Pursuant to Indiana Trial Rule 24, a potential party may intervene as of right when a statute confers such a right or

> the applicant claims an interest relating to a property, fund or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect his interest in the property, fund or transaction, unless the applicant's interest is adequately represented by existing parties.

Ind. Trial Rule 24(A). A potential party may be permitted to intervene when a statute confers a conditional right to do so or "an applicant's claim or defense and the main action have a question of law or fact in common." T.R. 24(B).

■ No statute confers either an absolute or conditional right to intervene under the circumstances of this case; the criminal action against Treacy does not concern any property, fund, or transaction, much less any in which Ogden, Stern, or the

---

**2.** On March 10, 2011, the motions panel of this court granted the MCPDA's motion to clarify party status, ruling that the MCPDA could proceed as a party appellee in this case. We may, however, revisit decisions of the motions panel and do so in this case. "It is well established that we may reconsider a ruling by the motions panel." *Cincinnati Ins. Co. v. Young*, 852 N.E.2d 8, 12 (Ind.Ct.App. 2006), *trans. denied*. While we are reluctant to overrule orders decided by the motions panel, this court has inherent authority to reconsider any decision while an appeal remains *in fieri*. *See Davis v. State*, 771 N.E.2d 647, 649 n. 5 (Ind.2002); *State v. Moore*, 796 N.E.2d 764, 766 (Ind.Ct.App.2003), *trans. denied*.

MCPDA has an interest; and Ogden's and Stern's claim has no question of law or fact in common with the criminal action. Indeed, it is difficult to see how the Trial Rules would ever allow a defense attorney to intervene in a criminal case under any circumstances. Ogden's and Stern's actions in this matter seem to have been an attempt to litigate their dispute with the MCPDA without having to bother with the expense and trouble of a separate lawsuit, a circumvention that the Trial Rules simply do not allow.

The appeal is dismissed.

BAKER, J., concurs.

MAY, J., dissents with opinion.

MAY, Judge, dissenting.

Because I disagree with the majority's dismissal based on its identification of Ogden and Stern as the Appellants, I must respectfully dissent.

In the first two sentences of its Discussion, the majority states:

> Although this appeal is styled as a challenge to the trial court's denial of Treacy's request for counsel at public expense, no such denial is actually claimed. This appeal is, in fact, an appeal prosecuted by Ogden and Stern on their own behalf in an attempt to have the MCPDA reimburse them for representing Treacy.

Op. at 635. Yet, the first Section of the Appellant's Brief is entitled: "The Trial Court Erred in Failing to Provide Timothy–Patrick Treacy, an Indigent Defendant, with Counsel at Public Expense." (Amended Br. of Appellant at 11.) Trea-

cy's brief argues the State and Federal constitutions require the trial court to appoint counsel at public expense for indigent defendants, the trial court found Treacy to be indigent, the public defender's office "refused" to represent him, (*id.*), and the court should have appointed "conflict counsel." (*Id.*) The majority is correct that the lawyer who wrote Treacy's brief wants the MCPDA to pay him. But I do not believe we can ignore, just because of counsel's motivation, that Treacy's brief did, in fact, argue Treacy was denied his constitutional right to trial counsel at public expense.

The record indicates Treacy attended at least two of the three hearings held by the trial court regarding who was responsible for paying his attorney fees. This suggests Treacy cared about whether MCPDA would be responsible for those costs. As well he should have—if MCPDA does not pay for Treacy's trial counsel, then those fees presumably become Treacy's responsibility. From that, I would infer Treacy has sufficient interest to remain the Appellant in this proceeding. *See, e.g., KeyBank Nat. Ass'n v. Michael,* 737 N.E.2d 834, 851 (Ind.Ct.App.2000) (holding a secured creditor has standing to appeal a ruling that impacted its financial interest in collateral).

Based on Treacy's involvement in this proceeding and the arguments in his appellate brief, I cannot agree with the majority that this appeal is "prosecuted by Ogden and Stern on their own behalf." Op. at 635. Rather, I believe Treacy remains a party to this appeal prosecuted in his name.[3]

---

**3.** I agree MCPDA was not a party in the trial court and should not have been permitted to proceed as Appellee. *See* op. at 636 n. 2. Rather, we should have permitted MCPDA to appear and file a brief as *amicus curiae,* as it has an interest in the issues Treacy raises.

*See, e.g., Sholes v. Sholes,* 760 N.E.2d 156 (Ind.2001) (appearances filed for the following *amici:* Indiana Civil Liberties Union; Indiana Legal Services, Inc.; Lifers United for Penal Progress, Inc.; Evansville Bar Association; and Hendricks County Bar Associa-

Neither can I concur with the majority's assertion that an appeal from the underlying cause of action is an improper forum for deciding who should be responsible for attorney fees on the premise "neither Ogden, Stern, nor the MCPDA ... could have become a proper party to the criminal action below." *Id.* at 636. Our Indiana Supreme Court has addressed, in direct appeals from underlying action, who is responsible for the payment of attorney fees. *See, e.g., Dunson v. Dunson,* 769 N.E.2d 1120, 1126–1128 (Ind.2002) (addressing pauper child's request that court order his parents to pay his counsel, who had not been appointed); *Sholes v. Sholes,* 760 N.E.2d 156 (Ind.2001) (considering within appeal of trial court's refusal to set aside default judgment of divorce whether trial court had authority to appoint and pay for counsel). *And see In re the Termination of Parental Relationship of J.G.,* 911 N.E.2d 36 (Ind.Ct.App.2009) (addressing court's order that DCS pay cost of mother's court-appointed lawyer for termination proceedings); and *In re Guardianship of M.K.,* 844 N.E.2d 555, 557–558 (Ind.Ct. App.2006) (holding trial court should have ordered payment of son's attorney fees from mother's property, after son successfully petitioned for guardianship of mother). The law does not prohibit a party from raising on appeal, or us from deciding, who is responsible for payment of that party's attorney fees.

Turning to the issue Treacy raises, I would hold Treacy waived any error in the trial court's handling of his alleged need for appointed counsel because he did not raise that issue in his direct appeal from his criminal conviction. *See Treacy v.*

*State,* Cause No. 49A02–0910–CR–1031, 2010 WL 3496797 (Ind.Ct.App. Sept. 8, 2010) (asserting error only in the trial court's failure to discharge Treacy pursuant to Ind.Crim. Rule 4(C)). By the time of that appeal, the court allegedly prevented Treacy from firing Stern. That, in essence, forced Treacy to proceed to trial with Stern and Ogden as his counsel. Because all the facts necessary to resolve whether the trial court violated Treacy's right to appointed counsel were available at the time of Treacy's direct appeal of his conviction, the "issue was known and available" on direct appeal and thus is waived. *See Timberlake v. State,* 753 N.E.2d 591, 597 (Ind.2001) (allegations of error not raised in direct appeal are waived in future proceedings).

Notwithstanding his waiver, I see no merit in Treacy's argument that the trial court should have ordered MCPDA to pay for his trial counsel. Our Indiana Supreme Court has addressed whether a pauper appellant could force the trial court *retroactively* to compensate his trial counsel from public funds:

> The short answer to [Appellant's] claim for attorney fees under section 34–10–1–2 is that his attorney was not appointed. Rather [counsel] appeared as [Appellant's] attorney in his initial petition to the trial court.

*Dunson v. Dunson,* 769 N.E.2d 1120, 1127 (Ind.2002). *Dunson* addressed Ind.Code § 34–10–1–2, which provides counsel to indigent parties in civil cases, rather than criminal. But it is not apparent why the *Dunson* reasoning should not apply to a criminal case in which the facts are nearly

tion). Nevertheless, I would not dismiss Treacy's appeal based on our own improper designation of MCPDA as appellee, rather than as *amicus. See Marchand v. Rev. Bd. of Ind. Dept. of Workforce Dev.,* 905 N.E.2d 435, 438 n. 3 (Ind.Ct.App.2009) ("where there is

clear authority that the motions panel erred as a matter of law, we may reconsider its ruling"). Rather, I would direct the clerk's office to modify the docket entry as to the status of MCPDA, and I would accept its *amicus* brief.

identical: a party makes a post-trial request for public funds to pay counsel, who initially appeared as private counsel and then remained throughout the proceedings.

In addition, we held nearly 40 years ago that a defendant who hires private counsel cannot *demand*, if his money runs out, that the State pay public funds to hire defendant's private counsel as the public defender; rather, the decision who to appoint as pauper counsel is left to the discretion of the trial court and reviewable on appeal for only an abuse of that discretion:

A defendant in a criminal trial has a right to have an attorney of his own choice *if he is financially able to employ such an attorney.* If he is not financially able to do so, it is the duty of the Court to select a competent attorney for him at public expense.

\* \* \* \* \* \*

While an indigent has an absolute right to the assistance of counsel, he does not have the absolute right to the assistance of the counsel of his choice.

The Indiana Supreme Court has recently reaffirmed this principle that the indigent defendant does not have the absolute right to the attorney of his choice in *State v. Irvin* (1973), [259] Ind. [610], 291 N.E.2d 70. In discussing the trial court's denial of the appellant's request for the appointment of counsel other than the counsel selected by the court ... the court ... said:

Since the matter of whom the court will appoint as pauper counsel for an indigent defendant is solely within the trial court's discretion, a writ of prohibition, which lies to confine a trial court to its lawful jurisdiction, will not issue.

Shorter has no absolute right to the relief requested. Any question concerning the wisdom or propriety of the trial court's action is a subject for review on appeal, not in proceedings for an extraordinary writ.

*State ex rel. Shorter v. Allen Superior Court,* 155 Ind.App. 269, 271–72, 292 N.E.2d 286, 287–88 (1973) (citations omitted) (emphasis added), *reh'g denied.*

Stern appeared as private counsel because Treacy's mother paid a retainer. The court was not required thereafter to appoint Stern as counsel for Treacy or to order payment of Treacy's counsel from public funds. If a defendant wishes representation at public expense, he must accept the public defender appointed by the trial court; to permit any other system would undermine the public defender system created by our legislature and increase the cost of providing defense for all indigent defendants.

For all these reasons, I respectfully dissent from the majority's decision to dismiss this appeal. I would acknowledge and address the argument Treacy made, and affirm the denial of his motion to have his counsel paid from public funds for the reasons discussed herein.