**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Sep 26 2012, 9:05 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**JASON T. MYERS**
Indiana Department of Correction
Pendleton, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JOSEPH Y. HO**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JASON TYE MYERS, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 79A02-1202-CR-123 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE TIPPECANOE SUPERIOR COURT
The Honorable Les A. Meade, Judge
Cause No. 79D05-0403-FD-121

**September 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**CRONE, Judge**

**Case Summary**

In 2004, Jason Tye Myers pled guilty to class A misdemeanor theft for stealing a pair of shoes. Seven years later, he filed a motion for transcripts of his 2004 proceedings. After a denial, a motion to reconsider, and another denial, Myers filed a petition for permission to file a belated notice of appeal from the trial court's denial of his motion to reconsider, which the trial court also denied.

Myers now files this pro se appeal, claiming that the trial court erred in denying his petition for permission to file a belated notice of appeal. We dismiss his appeal for lack of jurisdiction.

**Facts and Procedural History**

In February 2004, Myers entered a department store, tried on a pair of tennis shoes, placed his old shoes in the shoebox, and attempted to leave the store without paying. The State charged Myers with class D felony theft, and he eventually pled guilty to and was convicted of class A misdemeanor theft. The trial court imposed fines and sentenced Myers to one year of unsupervised probation.

During his probation, Myers committed check deception and dealing in cocaine. He eventually pled guilty to check deception and was later convicted of four counts of class A felony cocaine dealing, receiving an aggregate thirty-two-year sentence.

In September 2011, while incarcerated, Myers filed a pro se motion for guilty plea and sentencing hearing transcripts from his 2004 theft proceedings as well as an affidavit of poverty. On October 3, 2011, the trial court denied his motion and found his affidavit of

poverty procedurally deficient. Myers filed a motion to reconsider, which the trial court denied on November 7, 2011.

On January 5, 2012, Myers filed a verified petition to file a belated notice of appeal from the trial court's denial of his motion for transcripts and motion to reconsider. He simultaneously filed a motion for relief from judgment under Indiana Trial Rule 60(B), and the trial court did not rule on this motion. On January 26, 2012, the trial court issued an order denying his petition for permission to file a belated appeal. Myers now appeals that order.[1] Additional facts will be provided as necessary.

**Discussion and Decision**

Belated appeals are governed by Indiana Post-Conviction Rule 2(1)(a), which states that under certain circumstances, "[a]n eligible defendant convicted after a trial or plea of guilty may petition the trial court for permission to file a belated notice of appeal of the *conviction or sentence*[.]" (Emphasis added.) Here, Myers clearly stated in his petition for permission to file a belated appeal that he was appealing the trial court's order denying his motion for transcripts. Thus, he was not attempting to belatedly appeal his conviction or sentence, as required in P-C.R. 2(1)(a). Consequently, a P-C.R. 2 proceeding was not available to him under the circumstances.

Additionally, we note that Myers's motion for transcripts was akin to a request for

---

[1] The State filed a motion to dismiss this appeal, which was denied by the motions panel of this Court. While we are reluctant to overrule orders decided by the motions panel, it is well established that we have inherent authority to reconsider its rulings. *Treacy v. State*, 953 N.E.2d 634, 636 n.2 (Ind. Ct. App. 2011), *trans. denied*.

3

discovery. *Ben-Yisrayl v. State*, 753 N.E.2d 649, 658 (Ind. 2001). In his motion for transcripts, he stated that the transcripts were essential to his preparation of a petition for post-conviction relief, in which he hoped to assert ineffective assistance of counsel, involuntary guilty plea, and lack of a factual basis for his guilty plea. Appellant's App. at 43. However, he failed to follow the proper procedure for obtaining the transcripts. He should have first filed a petition for post-conviction relief under Post-Conviction Rule 1 and "included every ground for relief under Sec. 1 known to [him]." P-C.R. 1(3)(b). He then would have had a procedural mechanism for obtaining the transcripts he sought, based on P-C.R. 1(9)(b), which states in part, "[p]etitioners who are indigent and proceeding in forma pauperis shall be entitled to production of guilty plea and sentencing transcripts at public expense, prior to a hearing, if the petition is not dismissed."

Because Myers did not follow the procedure outlined in P-C.R. 1, he was not entitled to the transcripts as a matter of course. He was essentially left with an order denying a request for discovery. An order denying a motion to conduct discovery in order to pursue a post-conviction proceeding is not a final, appealable order. *Salazar v. State*, 854 N.E.2d 1180, 1183-84 (Ind. Ct. App. 2006); *see also* Ind. Appellate Rule 2(H) (defining final judgment as one that disposes of all claims of parties; is directed by trial court in writing under Trial Rules 54(B) or 56(C); is deemed final under Trial Rule 60(C) or ruled final under Trial Rule 59 or Criminal Rule 16; or is otherwise deemed final by law). As such, we lack jurisdiction over this appeal. *See* Ind. Appellate Rule 5(A) (stating that except in cases covered under Appellate Rule 4 outlining Supreme Court jurisdiction, the Court of Appeals

4

shall have jurisdiction in all appeals from *final* judgments). Notably, Myers did not pursue an interlocutory appeal pursuant to Indiana Appellate Rule 14 and therefore has foreclosed any review under Indiana Appellate Rule 5(B). Accordingly, we dismiss his appeal.

Dismissed.

RILEY, J., and BAILEY, J., concur.