

**FILED**

Oct 13 2020, 8:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

S. Anthony Long
Long Law Office P.C.
Boonville, Indiana

ATTORNEY FOR APPELLEE

April L. Edwards
Boonville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Clay Kelley,<br>*Appellant,*<br><br>v.<br><br>Kristy Kelley, Deceased, b/n/f<br>Kenneth Todd Scales,<br>*Appellee.* | October 13, 2020<br><br>Court of Appeals Case No.<br>20A-MI-679<br><br>Appeal from the Warrick Superior<br>Court<br><br>The Honorable J. Zach Winsett,<br>Judge<br><br>Trial Court Cause No.<br>87D01-1709-MI-1498 |

**Najam, Judge.**

## Statement of the Case

[1] Clay Kelley ("Clay") appeals the trial court's order denying his motions to quash a nonparty subpoena, for contempt, and for sanctions. However, Clay was neither a named party nor an intervenor in the trial court proceedings. Accordingly, he does not have standing to bring this appeal, and we do not reach the merits of the issues he raises. We dismiss Clay's appeal.

[2] On cross-appeal, Kristy Kelley, Deceased, b/n/f Kenneth Todd Scales ("Scales") requests appellate attorney's fees. We deny Scales' request.

## Facts and Procedural History

[3] We set out the background facts and procedural history relevant to this appeal in *Scales v. Warrick County Sheriff's Department*, 122 N.E.3d 866, 867 (Ind. Ct. App. 2019):

> Kenneth Scales filed a petition for access to public records, seeking documents from the Warrick County Sheriff's Department (the Department) related to the disappearance and death of his daughter, Kristy Kelley[ in August 2014]. The Department moved for summary judgment, arguing that the records to which Scales sought access were investigatory records that the Department could withhold at its discretion. The trial court ruled in favor of the Department . . . .

On appeal, we reversed the entry of summary judgment for the Department and instructed the trial court to enter summary judgment for Scales. *Id.* at 872. Accordingly, on remand, the trial court entered summary judgment for Scales and ordered the Department to provide him with the requested records.

[4] Prior to Kristy's death, she had married and divorced Clay, and they had a child together. Scales had previously obtained records from the Indiana State Police Department ("ISP") that revealed that: Clay had admitted during an interview around the time of Kristy's disappearance that he and Kristy had recently argued over her current boyfriend; "the two frequently argued, usually via text message"; and an ISP officer saw a text message from Kristy to Clay

time-stamped a few days before her disappearance stating, "you would probably kill me and hide my body." *Id.* at 867.

[5] In short, Scales had a particular interest in Clay's cell phone records. After Scales had received the Department's response to his records request, Scales filed a subpoena duces tecum and request for production of documents to a nonparty, namely, Verizon Wireless, seeking all of Clay's cell phone records from July 1, 2014, through October 1, 2014. After Verizon notified Clay about the subpoena, Clay hired a lawyer, who filed a "limited appearance" with the trial court and moved to quash the subpoena based on alleged discovery violations. Clay also moved for an order of protection under Trial Rule 26(C) and for sanctions against Scales' attorney. However, Clay did not file a motion to intervene.

[6] On February 21, 2020, the trial court issued an order finding and concluding in relevant part as follows:

> 15. The court does believe that although the subject discovery process involved technical violations, the violations were not particularly egregious, did not create an undue hardship to the parties of the suit, and were not issued in bad faith.
>
> 16. Under the totality of the circumstances of this matter, the court issues no sanctions.
>
> 17. The court finds that the *Intervenor* Clay Kelley failed to meet his burden of proof that Counsel for Plaintiff was in contempt of court, and the court does not find Counsel for Plaintiff in contempt of court.

18. The motion to quash is moot, as the requested discovery has already been answered.

Appellant's App. Vol. 2 at 12 (emphasis added). This appeal ensued.

## Discussion and Decision

[7] We do not reach the merits of Clay's appeal. Despite the fact that a motions panel of this Court previously denied Scales' motion to dismiss this appeal,

> it is well established that a writing panel may reconsider a ruling by the motions panel. *Miller v. Hague Ins. Agency, Inc.*, 871 N.E.2d 406, 407 (Ind. Ct. App. 2007). While we are reluctant to overrule orders decided by the motions panel, this court has inherent authority to reconsider any decision while an appeal remains *in fieri*. *Id.*

*Simon v. Simon*, 957 N.E.2d 980, 987 (Ind. Ct. App. 2011).

[8] While the trial court referred to Clay as an "intervenor" in its order, Clay concedes on appeal that he was neither a named party in the proceedings below nor an intervenor. Clay was not even named as a nonparty; the challenged subpoena was directed to nonparty Verizon. Clay filed only a "limited appearance"[1] when he moved to quash Scales' nonparty subpoena to Verizon

---

[1] An appearance, without more, does nothing but subject a person to the trial court's jurisdiction. It does not confer either party or intervenor status on a nonparty. In particular, Trial Rule 4 provides in relevant part that a trial court "acquires jurisdiction over a party or person who enters an appearance in an action." While the "limited appearance" filed by Clay's attorney subjected Clay to the court's jurisdiction, the appearance did not make him a party.

and filed other motions. Clay did not move to intervene in the trial court proceedings as provided and required under Trial Rule 24.[2]

[9] In his brief on appeal, he contends that he has standing to bring this appeal because he has a "personal stake in the outcome of the lawsuit" or will sustain "some direct injury as a result of the conduct at issue." Appellant's Br. at 10. However, in support of that contention, Clay cites our Supreme Court's opinion in *Oman v. State*, 737 N.E.2d 1131 (Ind. 2000), which is inapposite. In *Oman*, the relevant issue was whether a *party* to a proceeding had standing to challenge the validity of a subpoena issued to a nonparty. *Id.* at 1135. Because Clay is not a party to this action, Clay's reliance on *Oman* is misplaced.

[10] As this Court has held,

> to prosecute an appeal, the person considering herself aggrieved must have first been a party before the trial court. Appellate Rule 17(A) provides that "[a] party of record in the trial court . . . shall be a party on appeal." The converse is also true: a person who is not a party of record in the trial court cannot become a party for the first time on appeal. *See Treacy v. State*, 953 N.E.2d 634 (Ind. Ct. App. 2011), [*trans. denied*]. That is, "Rule 17 . . . limits the class of parties on appeal to parties of record in the trial court." *Id.*

---

[2] In his response to Kelley's motion to dismiss this appeal, Clay asserted that, because Kelley "treated him" like a party, Kelley has waived the issue of this court's jurisdiction. However, it is well settled that "lack of jurisdiction is not waived by the parties" and the lack of appellate jurisdiction "can be raised at any time." *Georgos v. Jackson*, 790 N.E.2d 448, 451 (Ind. 2003).

*Simon*, 957 N.E.2d at 989-90. Clay was neither a party of record nor an intervenor in the trial court, which would have given him "equal standing with the parties." *See Christian v. Durm*, 866 N.E.2d 826, 829 (Ind. Ct. App. 2007) (holding that "[a]n intervenor is treated as if it was an original party"), *trans. denied*. Thus, Clay does not have standing, and we dismiss his purported appeal. *See Simon*, 957 N.E.2d at 989-90; *see also*, *Hepp v. Hammer*, 445 N.E.2d 579, 582 (Ind. Ct. App. 1983) (holding that nonparty who had filed an appearance and filed motions on behalf of the defendant had "no standing in the case whatsoever" where nonparty had not moved to intervene or to join as *amicus curiae*).

## Cross-appeal

[11]     Scales cross-appeals and requests appellate attorney's fees under Appellate Rule 66(E), which provides that this Court "may assess damages if an appeal . . . is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorney's fees." As this Court has explained,

> "Our discretion to award attorney fees under Indiana Appellate Rule 66(E) is limited, however, to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Orr v. Turco Mfg. Co., Inc.*, 512 N.E.2d 151, 152 (Ind. 1987). Additionally, while Indiana Appellate Rule 66(E) provides this Court with discretionary authority to award damages on appeal, we must use extreme restraint when exercising this power because of the potential chilling effect upon the exercise of the right to appeal. *Tioga Pines Living Ctr., Inc. v. Indiana Family and Social Svcs. Admin.*, 760 N.E.2d 1080, 1087 (Ind. Ct. App. 2001), *trans. denied*.

Indiana appellate courts have formally categorized claims for appellate attorney fees into "substantive" and "procedural" bad faith claims. *Boczar v. Meridian Street Found.*, 749 N.E.2d 87, 95 (Ind. Ct. App. 2001). *To prevail on a substantive bad faith claim, the party must show that the appellant's contentions and arguments are utterly devoid of all plausibility*. *Id.*

*Pflugh v. Indpls. Hist. Pres. Comm'n*, 108 N.E.3d 904, 910-11 (Ind. Ct. App. 2018) (quoting *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003)) (emphasis added), *trans. denied.* "Procedural bad faith . . . occurs 'when a party flagrantly disregards the form and content requirements of the Rules of Appellate Procedure, omits and misstates relevant facts appearing in the record, and files briefs written in a manner calculated to require the maximum expenditure of time both by the opposing party and the reviewing court.'" *Boczar*, 749 N.E.2d at 95 (quoting *John Malone Enters., Inc. v. Schaeffer*, 674 N.E.2d 599, 607 (Ind. Ct. App. 1996)).

[12]     "'A strong showing is required to justify an award of appellate damages and the sanction is not imposed to punish mere lack of merit but something more egregious.'" *GHPE Holdings, LLC v. Huxley*, 69 N.E.3d 513, 523 (Ind. Ct. App. 2017) (quoting *Ballaban v. Bloomington Jewish Cmty., Inc.*, 982 N.E.2d 329, 340 (Ind. Ct. App. 2013)). Of course, just because an appellant is unsuccessful on appeal does not mean the appellee is entitled to appellate attorney's fees. *See id.*

[13]     In support of his request for appellate attorney's fees, Scales avers that Kelley's appeal "completely lacked any articulated appellate error and ignored the abuse of discretion standard on appeal" and that Kelley engaged in "character

attacks" on Scales' counsel. Appellee's Br. at 23. Scales further alleges unspecified violations of the Rules of Appellate Procedure. But Scales' argument lacks citations either to Kelley's briefs on appeal or the record. We hold that Scales has not satisfied his burden to demonstrate either substantive or procedural bad faith by Kelley in pursuing this appeal. We deny Scales' request for appellate attorney's fees.

[14]  Dismissed.

Bradford, C.J., and Mathias, J., concur.